WILMINGTON STEEL PRODUCTS, INC., APPELLEE, *v.* CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLANT.

[Cite as Wilmington Steel Products, Inc. *v.* Cleve. Elec. Illum. Co. (1991), 60 Ohio St. 3d 120.]

(No. 90-813—Submitted April 9, 1991—Decided June 5, 1991.)

*Summers, Fox, Coury & McGinty Co., L.P.A.*, and *Norman A. Fox, Jr.*, for appellee.

*Squire, Sanders & Dempsey, Robin G. Weaver, Katharine A. Van Tassel* and *David R. Percio*, for appellant.

WRIGHT, J. With the dismissal of United as a defendant, only the claims against CEI remain for resolution by this court. The only issue is whether the trial judge erred in denying Wilmington's motions to amend its complaint prior to trial.

The language of Civ. R. 15(A)

favors a liberal policy when the trial judge is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. "* * * Leave of court shall be freely given when justice so requires * * *," the rule states. This court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. *State, ex rel. Wargo,* v. *Price* (1978), 56 Ohio St. 2d 65, 10 O.O. 3d 116, 381 N.E. 2d 943. Not only is our role limited to review, but the review itself has narrow limits:

"* * * We have repeatedly held that '[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Huffman* v. *Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83, 87, 19 OBR 123, 126, 482 N.E. 2d 1248, 1252.

Wilmington relies heavily on this court's decision in *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 63 O.O. 2d 262, 297 N.E. 2d 113, to support its contention that the trial court's decision constituted just such an abuse. It is not an adverse reflection on the syllabus law of that case, however, to find that Wilmington's reliance (as well as that of the court of appeals) is inappropriate. *Peterson* held that it was an abuse of discretion to deny a motion *"timely filed"* to amend "where it is possible that plaintiff may state a claim upon which relief may be granted *and no reason otherwise justifying denial of the motion is disclosed."* (Emphasis added.) *Id.* at paragraph six of the syllabus. Wilmington's reliance overlooks the issue of timeliness and whether there were other reasons for denying the motions, such as a failure to show any support for the new matters pleaded.

Wilmington filed two motions to amend its complaint. The first was filed eleven days before trial and the second four days later. The first asserted a new contract claim and the second a principal-agent claim. The trial judge held a lengthy hearing on the motions on the day trial was scheduled to commence. At the hearing, counsel for Wilmington argued that the lateness of the contract claim was due to a recent discovery that there was an "exclusion" in the global settlement of all claims signed by CEI and Kelley in August 1986 that specifically provided for the possibility of a suit by Wilmington. Counsel admitted that the claim in agency "should have been done [filed] sooner." From the bench, at the end of the hearing, the judge denied both motions to amend. Would that he had been more forthcoming in his reasons for denial, but his comments in the record do show a concern for the impact that the new theories would have on the defense:

"THE COURT: If I grant their request to amend their Complaint, do you feel that you are going to need further time for discovery, No. 1?

"No. 2, is it going to take you a period of time to answer the Complaint?

"No. 3, would you anticipate any motions directed at any of the new causes of action, if I allow it?"

On appeal, both sides rely on the test contained in *Solowitch* v. *Bennett* (1982), 8 Ohio App. 3d 115, 117, 8 OBR 169, 172, 456 N.E. 2d 562, 564-565, that "there must be at least a *prima facie* showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant."

Wilmington's only argument in

support of its contract claim was the existence of the assignment of rights from Kelley and the allegation that such assignment gave Wilmington a contract action against CEI. Counsel for Wilmington was either unwilling or unable to rebut CEI's contention that the assignment was meaningless. Kelley was entitled, under the terms of the global settlement, to seek indemnification from CEI should Wilmington sue Kelley. That event did occur, but Kelley had filed no cross-claim against CEI up to and including the time it was dismissed from the suit. It would appear that once Kelley was dismissed, it no longer had the right to sue CEI and therefore had no such right to assign. While not dispositive, it is worth noting, in light of the requirement that amended claims be timely filed, that CEI subsequently discovered that counsel for Wilmington knew of the global settlement terms at least *ten months* before seeking to file the amended claims. Wilmington referred to the settlement in its response to Kelley's motion for partial summary judgment, filed June 9, 1987, belying the assertion at the hearing that the information became available only just before trial. Wilmington offered no argument whatsoever to show that it could support its new claim of vicarious liability against CEI through its relationship with United.

Adopting the *Solowitch* test, we find that where a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. Patently, the motions to amend the complaint were not timely filed. We can find no abuse of discretion by the trial court in denying Wilmington's motions to amend. Accordingly, we reverse the court of appeals' allowance of the motions to amend.

Having resolved the primary issue, we now turn to an ancillary matter to avoid any possible confusion. The court of appeals sustained three of Wilmington's assignments of error. We have already disposed of the assignment regarding the denial of the motions to amend. The assignment involving the directed verdict in favor of United is now moot. The first assignment of error, alleging trial court error as a matter of law in directing a verdict against the unjust enrichment claim, was overruled and not appealed. That leaves only the assignment of error alleging that the directed verdict, on the unjust enrichment claim, was against the manifest weight of the evidence. The court of appeals sustained this assignment because it found, on its own, that a contract existed between Wilmington and CEI and that Wilmington had offered enough evidence to overcome the motion for directed verdict. Given our finding that no contract right existed between Wilmington and CEI after Wilmington dismissed Kelley as a defendant, this issue is not pertinent.

The judgment of the court of appeals is reversed and the judgment of the trial court as to CEI is reinstated.

*Judgment reversed.*

MOYER, C.J., HOLMES, DOUGLAS and H. BROWN, JJ., concur.

SWEENEY and RESNICK, JJ., dissent.