JOURNAL ENTRY AND OPINION
Defendant-appellant, Lawrence Taylor, appeals from the judgment of the Cuyahoga County Common Pleas Court determining that he is a sexual predator pursuant to R.C. 2950.09(C). For the reasons that follow, we vacate the judgment of the trial court and remand for proceedings consistent with this opinion.
On August 1, 1973, appellant, then thirty-two years old, pled guilty in Case No. CR-6743 to two counts of burglary of an inhabited building, two counts of rape, and one count of sodomy, arising out of five incidents where appellant broke into the homes of his victims and then raped or sodomized them at knife-point. In October 1973, the trial court sentenced appellant to life imprisonment.
Appellant was paroled on December 5, 1983. Although there is nothing in the record to support appellant's contention, appellant asserts that he was subsequently incarcerated in 1986 on aggravated burglary charges in Case No. CR-211248 for which he remained imprisoned in 1999.
On May 6, 1999, pursuant to a recommendation from the Department of Rehabilitation and Corrections that appellant be adjudicated a sexual predator, the trial court conducted a hearing pursuant to R.C. 2950.09(C).
At the hearing, the state presented a copy of the presentence report generated by the Adult Parole Authority in connection with Case No. CR-6743. The report indicated that appellant's modus operandi regarding the attacks "suggest[ed] more than just a random selection of houses. Each home he broke into had no male to afford protection. This may indicate [appellant] was involved in a close surveillance of his victims prior to the rape, which in turn suggests a considerable amount of premeditation."
A letter dated September 12, 1973 from the Cuyahoga County Common Pleas Court Psychiatric Clinic to the trial judge in Case No. CR-6743 was attached to the report. The letter stated that appellant had been seen twice in the clinic for evaluation. The letter stated further that appellant was "quite frank [regarding] his assaults on women. He states he went after them because he was thrilled with the chase." The letter also noted that appellant had previously been seen in the clinic in 1972, at which time he was diagnosed as a psychopathic personality and sent to Lima State Hospital for treatment. The letter recommended that appellant be returned to the penitentiary to serve out his sentence because further treatment for him at Lima State Hospital would not be beneficial.
The state also presented a copy of a presentence report prepared in connection with Case No. CR-195666, a 1985 case in which appellant pled guilty to criminal trespassing. This report detailed appellant's criminal history from 1967 to 1985, including two 1972 cases for burglary and rape to which appellant pled guilty. The trial court admitted both reports into evidence.
The state argued that in light of his diagnosis as a psychopathic personality and his sexually related offenses, appellant should be declared a sexual predator.
Appellant did not testify in his defense. Counsel for appellant argued, however, that the offenses upon which the state was relying to prove appellant was a sexual predator occurred nearly thirty years prior to the hearing. Further, appellant contended that after he was paroled in 1983, his subsequent offenses were of a non-sexual nature. Therefore, appellant asserted, the state failed to meet its burden of proving by clear and convincing evidence that he was likely to engage in a sexually oriented offense in the future.
Noting that appellant's criminal record reflected multiple cases involving sexual offenses, appellant had been characterized as a psychopathic personality and his modus operandi in the attacks indicated a pattern of abuse, the trial court found appellant to be a sexual predator.
Appellant timely appealed, raising six assignments of error for our review.[1]
 I. THE TRIAL COURT ERRED WHEN IT CONDUCTED A HEARING PURSUANT TO R.C. § 2950.09(C) WHERE THE OFFENSE THAT UNDERLIED THE APPELLANT'S CONVICTION WAS NOT SEXUALLY ORIENTED.
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION FOR PSYCHOLOGICAL EVALUATION BY AN EXPERT IN VIOLATION OF R.C. § 2950.09(B)(1) AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
TO THE OHIO CONSTITUTION.
 III. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT AFFORDED THE OPPORTUNITY TO SPEAK OR TESTIFY AT HIS "HEARING" IN VIOLATION OF R.C. § 2950.09(B)(1) AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 TO THE OHIO CONSTITUTION.
 IV. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 V. OHIO'S SEXUAL PREDATOR STATUTE VIOLATES THE CONCEPT OF SEPARATION OF POWERS BECAUSE IT FORCES A TRIAL COURT TO INVESTIGATE, PROSECUTE AND ADJUDICATE INDIVIDUALS AS SEXUAL PREDATORS.
 VI. THE ADJUDICATION PROVISIONS VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE OHIO'S CLASSIFICATION SCHEME IS SYSTEMATICALLY FLAWED.
We consider appellant's second assignment of error first because it is dispositive of this matter.[2]
R.C. 2950.09(B)(1) provides, in relevant part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
In his second assignment of error, appellant contends that because R.C.2950.09(B)(1) mandates that an offender be afforded expert witnesses, the trial court's denial of his motion seeking an authorization of defense expenditures for the purpose of hiring a psychological or psychiatric expert was an abuse of discretion that violated his due process rights.
We disagree that the statute sets forth a mandatory requirement. We agree, however, that the trial court's denial of appellant's motion for the authorization of defense expenditures for a psychiatric expert was a denial of appellant's substantive due process rights.
In State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported, this Court recently stated, "R.C. 2950.09(B) does not mandate an expert witness at a sexual predator hearing. `Expert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence * * *.'" Id., quoting State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported. "Consequently," we concluded, "R.C. 2950.09 does not mandate the appointment of an expert for an indigent. However, if need is shown, then an indigent is entitled to a state-expensed report." Id.
Since the statute is not mandatory, this court reviews the lower court decision applying an abuse of discretion standard. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122.
"As a matter of due process, indigent defendants are entitled to receive the `raw materials' and the `basic tools of an adequate defense,' which may include provision of expert psychiatric assistance." State v.Mason (1998), 82 Ohio St.3d 144, 149, quoting Ake v. Oklahoma (1985),470 U.S. 68. Due process, however, does not require the government to provide expert assistance to an indigent defendant in the absence of a particularized showing of need. State v. Mason (1998), 82 Ohio St.3d 144,150. Nor does it require the government to provide expert assistance to an indigent criminal defendant upon mere demand of the defendant. Id.
Rather:
 due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution, requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial.
Id. at the syllabus, approving and following State v. Broom (1988),40 Ohio St.3d 277.
Thus, a defendant must demonstrate more than a mere possibility of assistance from an expert. Broom, supra at 283. At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. "Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." State v. Weeks (1989), 64 Ohio App.3d 595, 598. See, also,Russell, supra.
Here, it is apparent that there was a reasonable probability that an expert would aid in appellant's defense and that denial of the requested expert assistance would result in an unfair sexual predator determination hearing.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before declaring an offender a sexual predator, R.C.2950.09(B)(3) requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. By denying appellant's motion for a psychological evaluation, however, the trial court ensured that the only evidence from which it could make its determinationwith respect to the likelihood of appellant's future conduct was nearly thirty years old. It is clear, however, that in the absence of an expert opinion, events that happened and a diagnosis made nearly thirty years prior to the hearing are not likely predictors of appellant's future conduct. This is especially true in this case because appellant's offenses subsequent to his 1973 sexually oriented offenses were not sex offenses.
The trial court abused its discretion, therefore, in denying appellant's motion for the authorization of defense funds for a psychiatric expert. Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
Our resolution of appellant's second assignment of error renders the remaining assignments of error moot and, therefore, we need not consider them. See App.R. 12(1)(A)(c).
We reverse the judgment of the trial court and vacate the order adjudicating appellant to be a sexual predator. This case is remanded to the trial court with instructions to conduct a sexual predator determination hearing consistent with R.C. Chapter 2950 and this opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, J. and BLACKMON, J., CONCUR.
[1] Appellant withdrew his seventh assignment of error at oral argument.
[2] Because there is nothing in the record to support appellant's contention that he was incarcerated in 1986 on aggravated burglary charges in Case No. CR-211248, for which he remained imprisoned in 1999 when the trial court conducted the sexual predator classification hearing, we are unable to consider appellant's well-argued contention in his first assignment of error that the trial court erred in conducting a hearing pursuant to R.C. 2950.09(C) because the offense underlying the conviction for which he was incarcerated at the time of the hearing was not sexually oriented.