## In re FORFEITURE OF PROPERTY OF WILLIAMS.

[Cite as *In re Forfeiture of Prop. of Williams* (2001), 144 Ohio App.3d 606.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18619.

Decided July 13, 2001.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Marcell N. Dezarn,* Assistant Prosecuting Attorney, for appellee.

*Michael C. Thompson,* for appellant.

WOLFF, Presiding Judge.

Robert L. Williams appeals from an order granting the Montgomery County Prosecuting Attorney's amended petition to forfeit his 1985 station wagon and .380 automatic handgun to the city of Centerville.

It is apparent from the parties' appellate briefs and from the record that the parties' understanding of the proceedings below differed. The following procedural history is based upon the record before us and, is, in our judgment, beyond dispute.

The original petition for forfeiture was filed December 3, 1998. The stated basis for forfeiture was Williams's commission of driving under the influence. Williams answered the petition December 28, 1998. Eventually, the matter was scheduled for hearing on October 14, 1999, and upon Williams's motion, the

matter was rescheduled for November 4, 1999. The record is silent as to what occurred November 4, but on November 8, the court ordered stipulated facts to be filed November 12 and briefs to be filed November 30.

On November 17, 1999, the following stipulated facts were filed:

"1. On November 29, 1998 Robert L. Williams was arrested by the Centerville Police Department.

"2. At the time of his arrest, he was driving a 1985 Chevy Station Wagon, VIN# 1G8CT8B7F0150495. He is the sole owner.

"3. There are no liens on the above-referenced vehicle.

"4. A search of the vehicle on November 29, 1998 by the Centerville Police Department uncovered a handgun in the vehicle.

"5. Robert L. Williams was convicted of felonious assault in 1983 in case number 83–CR–1557. This is his only prior felony.

"6. On September 3, 1999 Robert L. Williams pled no contest and was found guilty of the felony of having weapons under a disability as a result of the November 29, 1998 incident. * * *

"7. Montgomery County published notice of the seizure in the Daily Court Reporter on February 4, 1999 and February 11, 1999 * * *."

On November 18, the matter was reset for a forfeiture hearing January 6, 2000. On November 22, 1999, the prosecutor moved for leave to file an amended petition for forfeiture that would substitute the felony offense of having weapons under disability for the misdemeanor offense of DUI as the basis for forfeiture. Williams opposed the motion to amend, but the prosecutor's motion was sustained, resulting in the filing of the amended petition for forfeiture November 29. On January 10, 2000, the magistrate entered her decision granting forfeiture, noting that the parties had stipulated facts in lieu of a hearing. Williams objected to the magistrate's decision, but the objections were overruled, and the amended petition for forfeiture was granted. Williams asserts a single assignment of error on appeal:

"The granting of respondent's motion to amend his petition for forfeiture, nine months after the filing of the petition and one month subsequent to the actual hearing of the petition is erroneous, not favored at law or equity, and violative of due process."

Essentially, Williams contends that a traffic offense is not a basis for forfeiture—citing R.C. 2933.41(C)—and that his defense to the petition for forfeiture was based on the fact that DUI was the stated basis for forfeiture. He contends that permitting the prosecutor to amend the petition to assert the felony of

having weapons under disability in place of DUI was untimely, ex post facto, and violative of due process.

As to the claimed untimeliness of the amendment and resultant denial of due process, Williams puts great stock in the fact that the motion to amend came after the hearing date of November 4. He contends that because the motion was filed after November 4, he was deprived of notice of the prosecutor's basis for obtaining forfeiture, thus depriving him of due process of law.

Williams puts too much stock in the fact that the motion to amend came after the November 4 hearing date. As observed above, the record discloses that whatever proceedings occurred on that day, the parties agreed to stipulate facts, and the magistrate gave them deadlines within which to do so and to file briefs. Subsequent to the filing of the stipulated facts, but prior to the prosecutor's motion to amend, the magistrate scheduled a forfeiture hearing for January 6, 2000. Accordingly, the fact that the motion to amend came after November 4 is entitled, in our judgment, to little significance. Furthermore, we are unimpressed with Williams's contention that the amended petition deprived him of notice of the prosecutor's basis for obtaining forfeiture so as to deprive him of due process. The fact that he had been convicted of the felony of having weapons under disability was well known to Williams, having been stipulated by him. Furthermore, had Williams truly been surprised by the amended petition, approved for filing November 29, he could have availed himself of the hearing scheduled for January 6, and would have had five weeks to prepare to meet the prosecutor's new basis for obtaining forfeiture. Rather than portraying a denial of due process, the record merely portrays the loss of a defense to the original petition, which had asserted an inadequate basis for forfeiture. The Rules of Civil Procedure are applicable to forfeiture proceedings—R.C. 2933.43(C)—and Williams concedes the liberality with which Civ.R. 15 is to be applied. He cites *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622, for the proposition that there are limits to the application of Civ.R. 15. *Wilmington Steel* is instructive. First, it makes clear that appellate review of decisions permitting or forbidding amendment utilizes an abuse-of-discretion standard. *Id.* at 122, 573 N.E.2d at 624–625. Second, a legitimate consideration in forming a decision to deny amendment is the additional burden upon the other party to respond to the amendment. *Id.* Third, the syllabus provides:

"Where a plaintiff fails to make a *prima facie* showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading."

■ Taking these considerations in reverse order, the prosecutor certainly made a *prima facie* showing of support for the new matter sought to be pleaded because Williams had stipulated the fact of a felony conviction for having weapons under disability. The record discloses no burden upon Williams in responding to the amendment. Finally, leave to amend "shall be freely given when justice so requires." Civ.R. 15(A). It is difficult to find an abuse of discretion where the court permitted amendment to assert a fact that Williams had stipulated.

Williams complains of the almost eleven-month delay between the filing of the original and amended petitions. It should be remembered, however, that Williams's plea of no contest to the felony of having weapons under disability did not occur until September 3, 1999, nine months after the original petition was filed, and the matter was set for hearing on October 14, but continued to November 4 at Williams's request. Thus, the delay is not nearly as great as Williams suggests. Finally, Williams contends that he was misled during this eleven-month period into believing the prosecutor intended to rely on DUI as the basis for forfeiture. As stated above, Williams could not have been misled after November 29, and, thereafter, he had five weeks to prepare whatever defense he may have had to the amended petition.

Having found no abuse of discretion or deprivation of due process, we overrule the assignment of error. The judgment of forfeiture will be affirmed.

*Judgment affirmed.*

GRADY and FREDERICK N. YOUNG, JJ., concur.