OPINION
{¶ 1} Plaintiffs Donna D. Moore, Don Douglas Householder, and Dean D. Householder appeal a judgment of the Court of Common Pleas of Perry County, Ohio, which dismissed their complaint for breach of contract and specific performance for the sale of real estate. Appellants assign two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANTS' MOTION FOR LEAVE TO FILE THEIR AMENDED COMPLAINT.
 {¶ 3} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE'S MOTION FOR A DIRECTED VERDICT SINCE APPELLANTS' COMPLAINT VIEWED IN THE LIGHT MOST FAVORABLE TO APPELLANTS STATES A PROPER CAUSE OF ACTION."
 {¶ 4} On July 29, 2005, appellants filed their complaint, identifying the three plaintiffs as three children of Dorwin D. Householder, deceased. The complaint alleges for over sixty years Dorwin Householder and his brother, Enos "Bud" Householder were in a farming partnership. Each brother owned an undivided one-half interest in a farm of approximately 382 acres known as the "Householders Brothers Farm" in Junction City.
 {¶ 5} In 1991, Enos "Bud" Householder died, and defendant-appellee Barbara Householder gained ownership of his undivided one-half interest in the farm. In 2002, Dorwin Householder designated appellant Moore as his power of attorney. In March 2005, Dorwin Householder died, leaving all of his assets to the three appellants, with Moore designated as the administrator of the estate.
 {¶ 6} The complaint alleges prior to Dorwin Householder's death, appellant Moore and appellee, along with other family members, discussed the sale of the partnership assets including the farm. On December 2, 2004, appellants and appellee met at appellee's home. Appellee's daughter and son were also present. The complaint alleges appellee's son told appellants appellee would agree to sell her interest in the farm to the appellants for $150,000, or appellee would buy Dorwin Householder's interest for $150,000. The complaint alleges appellee did not object, and expressly agreed. Thereupon appellants accepted appellees' offer to purchase appellees' undivided one-half interest in the farm.
 {¶ 7} The complaint alleges appellants and appellee spent the next three hours working out the details of the sale with their attorney, Robert J. Christie. Christie memorialized the terms of the parties' agreement in writing and sent a copy to everyone who had been in attendance.
 {¶ 8} Appellants' complaint alleges they immediately began to honor their part of the agreement, including obtaining a loan to purchase the property and opening a bank account to pay the funds over to appellee. Appellee also performed a number of steps on her side of the agreement, including having certain areas surveyed and discussing an access road. The complaint also alleges the parties negotiated a right of first refusal for appellants to purchase appellee's property. The complaint alleges appellants agreed in principle to sell the timberland portion of the farm to a third party, and appellants and appellee discussed the location of the access road.
 {¶ 9} In February 2005 appellee's son called Attorney Christie and informed him they wanted to re-visit the decision to sell the property. In response, Christie set a closing date in March 2005 and sent appellee a letter directing her to attend the closing. On March 4, 2005, appellants prepared to attend the closing to purchase the property for $150,000, but appellee did not appear or offer any explanation for her absence.
 {¶ 10} Appellants' complaint alleged they had been damaged because appellee did not complete the sale, and prayed for the court to order specific performance of the contract and award damages.
 {¶ 11} On August 15, 2005, appellee filed her motion to dismiss, arguing R.C. 1335.05, the statute of frauds, prohibited appellants' recovery because they alleged an oral contract for sale of real estate. Further, appellee argued the appellants had failed to allege part performance, which would meet the common law exception to the statute of frauds.
 {¶ 12} Appellants filed a memorandum in opposition on August 31, 2005, and on October 7, 2005, moved for leave to file an amended complaint. Appellee responded with a memorandum contra and the court sustained appellee's motion to dismiss without addressing the motion for leave to file an amended complaint.
 {¶ 13} In their memorandum in support of their motion for leave to file an amended complaint, appellants stated they wished to correct some clerical mistakes and a minor mistake of fact regarding the delivery of the memorandum memorializing the agreement. They also sought to add a new paragraph alleging appellee took steps in compliance with the agreed-upon terms of the sale of the property by having her portion of the property surveyed. Appellants wished to supplement their complaint with exhibits, including an affidavit from Attorney Christie, the memorandum, and letters.
 {¶ 14} Appellants did not file a proposed amended complaint, Christie's affidavit, or any of the other documents, and these materials are not in the record before us.
 I. {¶ 15} In their first assignment of error, appellants argue the trial court abused its discretion when it overruled their motion for leave to file an amended complaint. Although the trial court did not directly rule on the motion for leave, dismissing the case implicitly overruled all pending motions.
 {¶ 16} Civ. R. 15 (A) governs amended and supplemental pleadings. The Rule sets out the circumstances under which leave of court is required, and provides leave of court shall be freely given when justice so requires. In Wilmington Steel Products,Inc. v. Cleveland Electric Illuminating Company (1991),60 Ohio St. 3d 120, 573 N.E. 2d 622, the Ohio Supreme Court stated a reviewing court must determine whether the trial court's decision to grant or deny leave to amend was an abuse of discretion, and not whether the reviewing court would have made the same decision, Wilmington Steel at 122, citations deleted. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. Id., citations deleted.
 {¶ 17} Because appellants failed to make the amended complaint and the supporting documents part of the record, we have only the motion for leave to amend before us. Upon review, we find the proposed amendments would not have cured the problems of the original complaint, see II infra. We find the trial court did not abuse its discretion in overruling the motion for leave to amend.
 {¶ 18} The first assignment of error is overruled.
 II. {¶ 19} In their second assignment of error, appellant urges the trial court should not have dismissed the complaint because, construing the complaint in a light most favorable to appellants, it did state a cause of action.
 {¶ 20} In Phung v. Waste Management, Inc. (1986),23 Ohio St. 3d 100, the Ohio Supreme Court held in ruling on a motion to dismiss brought pursuant to Civ. R. 12, the court must deem the material allegations of the complaint admitted, and the court may not sustain the motion unless it appears beyond doubt from the complaint that the complainant can prove no set of facts entitling him to recover.
 {¶ 21} First, appellants argue the statute of frauds does not bar their recovery. Appellants argue the unsigned memorandum of the December 2, 2004 meeting, read in conjunction with the letter from attorney Christie directing appellee to attend the closing, constitute sufficient writing to satisfy the statute.
 {¶ 22} The statute of frauds requires the writing be signed by the party to be bound, or by some other person he or she lawfully authorizes. Appellants argue because Attorney Christie was the attorney for both parties, he was acting as appellee's agent in signing the letter directing appellee to attend the closing. Again, we do not have a copy of the letter in the record.
 {¶ 23} Appellants allege Mr. Christie sent the letter setting the matter for closing after he learned appellee was reconsidering her decision to sell the property. This letter cannot be construed as evidence appellee authorized him to sign a contract for sale on her behalf. It cannot be read in conjunction with the memorandum of the December 2 meeting to satisfy the requirement of a written and signed contract.
 {¶ 24} Appellants also argue their complaint stated both appellants and appellee had partly performed the agreement, and part performance is an exception to the statute of frauds requirement of writing.
 {¶ 25} Generally, in order to find part performance of the contract, courts require acts such possession, payment of consideration, and/or improvements to the land, Mays v.Dunaway, Montgomery App. No. 19922, 2003-Ohio-6900. While generally the performance of services is insufficient, some services may constitute part performance if the court cannot readily determine their monetary value, Id, citations deleted.
 {¶ 26} Further, a party seeking to establish part performance must demonstrate he has performed acts exclusively in reasonable reliance on the oral contract, and such acts have changed his position to his prejudice. Appellants not only rely on allegations of their own part performance but also allege appellee partly performed the contract.
 {¶ 27} The actions appellants alleged they took in reliance on the contract do not include taking possession of the property, paying consideration, or improving the land.
 {¶ 28} Further, the appellants allege after the December 2 meeting, the parties negotiated a right of first refusal for appellants to purchase appellee's property, complaint, paragraph 25. If the parties continued to negotiate terms of sale, then the December 2 agreement was not a finalized, enforceable contract, and appellants cannot demonstrate they reasonably relied on it.
 {¶ 29} We find the trial court did not err in dismissing appellants' complaint.
 {¶ 30} The second assignment of error is overruled.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed. Costs to appellant.