[Cite as *State v. Ridenbaugh*, 2019-Ohio-3564.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18-CA-96 |
| | : | |
| TEDDY E. RIDENBAUGH, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 18 CR 196

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     September 3, 2019

APPEARANCES:

For Plaintiff-Appellee:

BILL HAYES
LICKING COUNTY PROSECUTOR

CLIFFORD J. MURPHY
20 North Second Street, 4th Floor
Newark, OH 43055

For Defendant-Appellant:

KATHERINE L. WOLFE
1350 West Fifth Ave., Suite 330
Columbus, OH 43212

*Delaney, J.*

{¶1}   Defendant-Appellant Teddy E. Ridenbaugh, Jr. appeals his conviction and sentence by the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On March 29, 2018, Defendant-Appellant Teddy E. Ridenbaugh, Jr. was indicted by the Licking County Court of Common Pleas on one count of aggravated possession of drugs (methamphetamine), a third-degree felony in violation of R.C. 2925.11(A)(C)(1)(b) and one count of possession of drugs (heroin), a fifth-degree felony in violation of R.C. 2925.11(A)(C)(6)(a). The counts carried a forfeiture specification (U.S. currency) pursuant to R.C. 2941.1417(A) and 2981.02(A)(2).

{¶3}   Ridenbaugh entered a plea of not guilty to the charges. The matter was scheduled for a jury trial on August 8, 2018. Ridenbaugh moved for a continuance of the trial date because on August 3, 2018, the State provided him with a police report by Detective Kyle Boerstler. Det. Boerstler's report contained a statement made by Ridenbaugh at the time of his arrest where he allegedly confessed to the charged crimes. The trial court granted the motion for continuance and continued the jury trial to September 27, 2018.

{¶4}   The matter came on for trial on September 27, 2018. The following evidence was adduced at trial.

## Ridenbaugh's Arrest

{¶5}   On October 19, 2017, detectives from the Central Ohio Drug Enforcement Task Force ("CODE TF") were conducting surveillance on 452 Woods Avenue located in

Licking County, Ohio, for possible drug activity. Det. Tanner Vogelmeir of the Licking County Sheriff's Office assigned to CODE TF was driving a marked cruiser and was notified that a male and female had exited the Wood Avenue residence, driving in a blue Jeep Liberty in which the male was the passenger. Det. Vogelmeir observed the vehicle and determined the male passenger matched the description for Ridenbaugh who had a felony warrant for his arrest. Det. Vogelmeir stopped the Jeep Liberty and approached the vehicle. He secured Ridenbaugh and searched him incident to his arrest. Det. Vogelmeir found a knife, $510.00 in cash, and a blue key chain with multiple keys. He seated Ridenbaugh in the back seat of the cruiser and Detectives Hoskinson, Boerstler, and Green arrived at the scene. There was no dashcam or audio available of the stop because of a technical malfunction.

{¶6} Det. Boerstler was advised to speak with Ridenbaugh, who agreed to speak with the detective. Ridenbaugh had a brief conversation with Det. Boerstler. Det. Boerstler testified that Ridenbaugh said he and his female companion were going to get something to eat. The conversation then turned to Ridenbaugh's drug supplier. Ridenbaugh identified his drug supplier, where the drug supplier was located, and that Ridenbaugh was getting an ounce of methamphetamine from the drug supplier for $700.00. Det. Boerstler stated Ridenbaugh told him he was staying at the Woods Avenue residence and the keys found on his person would fit in the padlock to Ridenbaugh's room. Ridenbaugh did not sign a statement or sign a Miranda waiver form.

{¶7} Det. Boerstler testified he was the only police officer to take Ridenbaugh's confession. Det. Boerstler recalled that he drafted his report, which included Ridenbaugh's statement, sometime around October 20, 2017. He did not know when his

report was submitted to the State. It was pointed out that the first six sentences of his report were identical to Det. Green's report. It stated:

> On 10/19, 2017, the Central Ohio Drug Enforcement Task Force --- and then in parenthesis it says capital letters, CODE TF, CODE TF, received information from a confidential source – in parenthesis it says CS, which means confidential source, that Teddy Ridenbaugh was staying at 452 Woods Avenue. According to the CS, Ridenbaugh possessed a large amount of Methamphetamine at this address and was an absconder from the Ohio Department of Corrections. After receiving this information, Ridenbaugh's parole violation warrant was confirmed.

(T. 153).

{¶8} Out of the hearing of the jury, Ridenbaugh moved to call the prosecutor as a witness because he felt the jury should hear that the State did not turn over Det. Boerstler's report until August 3, 2018. He argued the date the report was turned over went to the witness's credibility. The jury could draw an inference that the report was inaccurate and Det. Boerstler's testimony was unreliable. The trial court overruled the motion to call the prosecutor as a witness and found the date the report was turned over was irrelevant. The trial court noted the trial was originally scheduled for August 8, 2018. It granted Ridenbaugh's motion to continue the trial date to September 27, 2018 based on the August 3, 2018 release of Det. Boerstler's report. It further found it was improper "to ask the jury to render a verdict against the State simply because they're sloppy with their discovery or they're late in it, that's not the basis for them to make a decision * * *." (T. 160).

**Search of the West Avenue Residence**

{¶9}   After Ridenbaugh's arrest, a search warrant was obtained to search the Woods Avenue residence. At the time of the execution of the search warrant, two adults and two juveniles were in the home. The police officers found drugs throughout the home. Ridenbaugh's room was secured with a padlock. Det. Hoskinson testified he used the keys found on Ridenbaugh during his arrest to open the padlock on the door. Upon entry into the room, the police officers found drugs and drug paraphernalia. They found 7.72 grams of methamphetamine, a Schedule II controlled substance, and 0.20 grams of heroin, a Schedule I controlled substance. 0.20 grams of methamphetamine was found in the first level of the home. No DNA or fingerprints were taken on the contents of the room or drugs found in the room.

**Jury Verdict**

{¶10} The jury found Ridenbaugh guilty on one count of aggravated possession of drugs (methamphetamine), a third-degree felony in violation of R.C. 2925.11(A)(C)(1)(b) and one count of possession of drugs (heroin), a fifth-degree felony in violation of R.C. 2925.11(A)(C)(6)(a). The jury found the $510.00 in cash was not subject to forfeiture pursuant to R.C. 2941.1417(A) and 2981.02(A)(2). Via a sentencing entry filed September 28, 2018, the trial court sentenced Ridenbaugh to two years on count one and one year on count two, to be served consecutively. The trial court also imposed one year of his post release control time, stemming from a prior charge, to be served consecutively with counts one and two.

{¶11} It is from this conviction and sentence Ridenbaugh now appeals.

**ASSIGNMENTS OF ERROR**

{¶12} Ridenbaugh raises three Assignments of Error:

{¶13} "I. THE TRIAL COURT DENIED APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WHEN IT DENIED HIS REQUEST TO CALL THE PROSECUTOR AS A WITNESS.

{¶14} "II. THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} "III. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS."

**ANALYSIS**

**I.**

{¶16} In his first Assignment of Error, Ridenbaugh contends the trial court denied his Sixth Amendment right to confrontation when it denied his request to call the prosecutor as a witness. We disagree.

{¶17} Det. Boerstler's report contained Ridenbaugh's statement that the keys in his pocket opened the lock on the door to his room at Wood Avenue. Det. Boerstler testified he did not know when his report was submitted to the State. Ridenbaugh filed his initial discovery demand on March 29, 2018 and the State responded on April 27, 2018. The State provided Det. Boerstler's report to Ridenbaugh on August 3, 2018. Ridenbaugh contended the date Det. Boerstler submitted his report to the State was relevant to the detective's credibility as a witness. Because Det. Boerstler did not know the date, Ridenbaugh argued the prosecutor's testimony as to the date it received Det. Boerstler's report was relevant evidence.

{¶18} The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." *State v. Hampton*, 5th Dist. Stark No. 2018 CA 00123, 2019-Ohio-2555, 2019 WL 2613341, ¶ 25 quoting *State v. Anderson*, 154 Ohio App.3d 789, 2003–Ohio–5439, 798 N.E.2d 1155, ¶ 22 (7th Dist.). Furthermore, the Ohio Constitution, Article I, Section 10, states in pertinent part: "* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face * * *."

{¶19} The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624 (1991). Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Sage* at 180.

{¶20} We find no abuse of discretion for the trial court to deny Ridenbaugh's motion to call the prosecutor as a witness. First, upon Ridenbaugh's motion, the trial court continued the original trial date to allow Ridenbaugh adequate time to review and respond to Det. Boerstler's report. Second, Ridenbaugh had the opportunity to cross-examine Det. Boerstler regarding his interaction with Ridenbaugh and his subsequent report

documenting the same. The jury was able to hear Det. Boerstler's testimony and weigh his credibility. Third, the trial court found that evidence of when the State received Det. Boerstler's report was not relevant to whether Ridenbaugh committed the offenses of aggravated possession of drugs and possession of drugs. The evidence in this case demonstrated Ridenbaugh was observed coming out of the Wood Avenue residence. When he was arrested and searched incident to arrest, Det. Vogelmeir found a set of keys in Ridenbaugh's pocket. During the execution of the search warrant, the keys were used to open the padlock on a door, wherein drugs were found.

{¶21} Ridenbaugh's first Assignment of Error is overruled.

## II. and III.

{¶22} Ridenbaugh argues in his second and third Assignments of Error that his conviction for aggravated possession of drugs and possession of drugs were against the manifest weight and sufficiency of the evidence.

{¶23} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶24} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶25} Ridenbaugh was first convicted of aggravated possession of drugs (methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(b). The statute reads:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is

guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

* * *

(b) If the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated possession of drugs is a felony of the third degree, and there is a presumption for a prison term for the offense.

{¶26} Ridenbaugh was next convicted of possession of drugs (heroin), in violation of R.C. 2925.11(A)(C)(6)(a). The statute reads:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(C) Whoever violates division (A) of this section is guilty of one of the following:

* * *

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(6)(b), (c), (d), (e), or (f) of this section, possession of heroin is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶27} Ridenbaugh argues the evidence presented by the State failed to establish he was in possession of methamphetamine or heroin. He states that while a set of keys was found on his person during his arrest and those keys opened the padlocked door at the West Avenue residence, there was no evidence the drugs found in the padlocked room belonged to Ridenbaugh. The police did not obtain fingerprints or DNA evidence to determine if the contents of the padlocked room belonged to Ridenbaugh. Multiple occupants and drugs were found throughout the West Avenue residence. Ridenbaugh argues the only evidence connecting the drugs to him was the testimony of Det. Boerstler that Ridenbaugh confessed the padlocked room at the West Avenue residence was his. Ridenbaugh contends Det. Boerstler's testimony was unreliable.

{¶28} The evidence in this case established Ridenbaugh was observed coming out of the West Avenue residence and he was arrested shortly thereafter. After Ridenbaugh's arrest, Det. Vogelmeir searched him and found a set of keys in his pocket. Det. Boerstler, who was present at Ridenbaugh's stop and arrest, testified Ridenbaugh told him the keys would open the padlock to his room at the West Avenue residence. During the execution of the search warrant, the keys opened a padlocked door at the West Avenue residence. Inside the room with the padlocked door was methamphetamine and heroin.

{¶29} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for " 'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' " *State v. Crist*, 5th Dist. Fairfield No. 15-CA-63, 2016-Ohio-7750, 2016 WL 6695996, ¶ 39 quoting *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492(1991) at paragraph one of the syllabus. "

'Circumstantial evidence and direct evidence inherently possess the same probative value [.]' " *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, " '[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.' " *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293 (1990), citing *Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 331, 130 N.E.2d 820(1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott*, 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

{¶30} The jury had the opportunity to consider Det. Vogelmeir and Det. Boerstler's testimony. The jury could reasonably infer that the set of keys found in Ridenbaugh's pocket belonged to Ridenbaugh. Ridenbaugh was seen coming out of the West Avenue residence and the keys opened a padlocked door at the West Avenue residence. It was a reasonable inference that the padlocked room at the West Avenue residence belonged to Ridenbaugh because the set of keys found in his pocket opened the padlock.

{¶31} The jury verdict finding Ridenbaugh guilty of aggravated possession of drugs and possession of drugs was not against the manifest weight or sufficiency of the evidence. Ridenbaugh's second and third Assignments of Error are overruled.

## CONCLUSION

{¶32} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.