[Cite as *Musil v. Gerken Materials, Inc.*, 2020-Ohio-3548.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Lawrence J. Musil, Jr.                    Court of Appeals No. L-19-1262

　　　Appellant                           Trial Court No. CI0201802787

v.

Gerken Materials, Inc. and
Richard McCance                          **DECISION AND JUDGMENT**

　　　Appellee                            Decided:  June 30, 2020

* * * * *

Matthew B. Bryant and Daniel I. Bryant, for appellant.

Roy A. Hulme and Brittany H. Asmus, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Lawrence J. Musil, Jr., appeals the judgment of the Lucas County Court of Common Pleas, granting summary judgment to appellee, Gerken Materials ("Gerken"), on appellant's claims of disability discrimination and retaliation and denying his motion for leave to amend his complaint.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} Appellant had been employed by Gerken since 2008 as a laborer, primarily responsible for keeping the plant clean and operational. On Friday, October 13, 2017, while at work, appellant was punched in the face by a co-worker, Richard McCance ("McCance"). Appellant left work and sought medical treatment for his injuries, which included a headache, sore neck, and bruising. On October 18, 2017, appellant returned to work, but ceased working at the instruction of his family physician, Dr. Salem, on November 10, 2017, after being diagnosed with Post Traumatic Stress Disorder ("PTSD") from the altercation.

{¶ 3} From November 10, 2017, until January 10, 2018, appellant was granted a medical leave under the Family Medical Leave Act ("FMLA"), which allowed for 12 weeks of job-protected leave for eligible employees which Gerken's leave policy mirrored. Appellant requested and was granted an extension of his medical leave until January 26, 2018. However, on January 25, 2018, appellant sent a note to Gerken from his physician, stating that he was unable to return to work until March 7, 2018. Later, appellant stated that he still was not able to return back to work even as of the time of his deposition on October 22, 2018.

{¶ 4} On February 2, 2018, Gerken sent appellant a termination letter due to his inability to return to work, stating that if he was released from his restrictions and recovered sufficiently to return to work, he would be considered for available positions.

2.

**{¶ 5}** On June 18, 2018, appellant filed the instant action against Gerken for claims of disability discrimination pursuant to R.C. 4112.02, et seq., and retaliation pursuant to R.C. 4112.02(I).[1] At a scheduling hearing, the trial court ordered discovery to be completed by August 16, 2019. Additionally, the trial court granted the parties leave to file motions for summary judgment until May 31, 2019. On May 16, 2019, in accordance with the trial court's order, Gerken filed a motion for summary judgment. After seeking two extensions of time to respond, on July 2, 2019, appellant filed his motion for leave to amend the complaint.

**{¶ 6}** On July 31, 2019, the trial court entered its judgment denying appellant's motion for leave to amend, and granting Gerken's motion for summary judgment. In denying the motion for leave to amend, the trial court found that the motion raised "a spectre of prejudice" since it was filed after Gerken moved for summary judgment. In addition, the court found that Gerken would be prejudiced by the possible need for additional discovery, new motions for summary judgment, and rescheduling of the trial date. Further, the court found that the motion for leave to amend was untimely, noting that it

> was filed more than a year after the original Complaint was filed, more than
> eight months after discovery was substantially completed, more than a
> month after the motion for summary judgment deadline, almost seven

---

[1] Appellant also filed a claim for negligent retention against Gerken, and assault and battery against McCance, but those claims are not on appeal.

3.

weeks after [appellee] filed its Motion for Summary Judgment, and just two months before the trial date.

Finally, the court noted that appellant had provided no explanation for the delay.

{¶ 7} Turning to the motion for summary judgment, the trial court found that appellant lacked evidence to show disability discrimination, specifically in relation to the third element, which requires a showing that appellant could safely and substantially perform the essential functions of the job with or without an accommodation. *See Matasy v. Youngstown Ohio Hosp. Co., LLC*, 2017-Ohio-7159, 95 N.E.3d 744 (7th Dist.); *Betosky v. Abbott Laboratories*, 10th Dist. Franklin No. 96APE03-373, 1996 WL 531934 (Sept. 19, 1996); *Kocijan v. S & N, Inc.*, 8th Dist. Cuyahoga No. 80414, 2002-Ohio-3775. Regarding the retaliation claim, the trial court found that appellant failed to establish a prima facie case of retaliation because appellant's request for continued medical leave does not constitute a protected activity under R.C. 4112.02(I). *See Reed v. PPG Industries Ohio, Inc.*, N.D.Ohio No. 1:18-cv-707, 2018 WL 6078258, *5 (Nov. 21, 2018). Moreover, even if appellant were able to establish a prima facie claim, the trial court found that appellee articulated a legitimate, nondiscriminatory reason for terminating appellant in that he was unable to perform the essential functions of his job, and appellee has presented no evidence that this nondiscriminatory reason is false.

## II. Assignments of Error

{¶ 8} Appellant has timely appealed the trial court's July 31, 2019 judgment, and now asserts three assignments of error for our review:

4.

1. The Lucas County Court of Common Pleas erred when it determined that Plaintiff was not qualified for his position, as Appellant could perform his work with a reasonable accommodation, despite Defendant's inflexible disability policy, when granting Appellee Gerken Materials, Inc.'s Motion for Summary Judgment as to Plaintiff's claim of disability discrimination under Ohio Law.

2. The Lucas County Court of Common Pleas erred when it concluded that requesting an accommodation for medical leave is not protected activity in granting appellee Gerken Materials, Inc.'s Motion for Summary Judgment as to Plaintiff's retaliation claim under Ohio law.

3. The Lucas Country Court of Common Pleas erred when it concluded that Plaintiff could not amend his complaint under Ohio Civil Rule 15 even though it gave the option to oppose the Motion for Summary Judgment or seek leave to file an amended complaint, given there was ample time to complete discovery before the deadline, in support of additional claims only revealed during discovery.

### III. Analysis

{¶ 9} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A de novo review requires an independent

review of the trial court's decision without any deference to the trial court's determination. *Grafton* at 105. A trial court shall grant summary judgment only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978).

### A. Disability Discrimination

{¶ 10} In appellant's first assignment of error, he argues that the trial court erroneously determined that Gerken was entitled to summary judgment on the disability discrimination claim. Specifically, appellant argues that he was qualified for the position and could have performed his work with a reasonable accommodation.

{¶ 11} Pursuant to R.C. 4112.02, "It shall be an unlawful discriminatory practice: (A) For any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." To establish a prima facie case of disability discrimination under Ohio law, a plaintiff must show: (1) that he was disabled; (2) that an adverse action was taken by the employer, at least in part, because the person was disabled; and (3) that the person, though disabled, can safely and substantially

6.

perform the essential functions of the job in question. *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571, 697 N.E.2d 204 (1998).

{¶ 12} If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 14, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once the employer satisfies this burden, the burden shifts back to the plaintiff to show "that the proffered reason was not the true reason for the employment decision." *Id.*, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

{¶ 13} The third element is the focus of this appeal. As to the third element, an employee may satisfy it by showing that he could have performed the essential functions of the job with a reasonable accommodation if necessary, but the employee has the burden of requesting that accommodation. *Bowers v. Swagelok Co.*, 8th Dist. Cuyahoga No. 87192, 2006-Ohio-3605, ¶ 46; *Crosier v. Quikey Mfg. Co., Inc.*, 9th Dist. Summit No. 19863, 2001 WL 196511, *6 (Feb. 28, 2001).

{¶ 14} Appellant argues that, in determining he failed to establish the third element of his disability discrimination claim, the trial court relied too heavily on *Matasy*, 2017-Ohio-7159, 95 N.E.3d 744, which appellant claims is distinguishable from the present matter because there the plaintiff violated the collective bargaining agreement by turning in the medical certification agreement late and sought unreasonable medical

7.

leave. *Id.* at ¶ 4-6. Unlike in *Matasy*, appellant argues that he requested a reasonable medical leave instead of seeking multiple unreasonable extensions.

{¶ 15} In addition, appellant presents several other arguments as to why the record demonstrates that he could safely and substantially perform the essential functions of the job with an accommodation. First, appellant argues that Gerken's medical leave policy is discriminatory because it requires employees to be 100 percent healthy in order to return back to work. *See Henderson v. Ardco, Inc.*, 247 F.3d 645, 653-54 (6th Cir.2001); *accord Wysong v. Dow Chemical Co.*, 503 F.3d 441, 453 (6th Cir.2007); *Watts v. United Parcel Service*, 378 Fed.Appx. 520, 530 (6th Cir.2010). Second, appellant reasons that the determination of whether an individual was "qualified" is determined at the time the decision to terminate is made, and that Gerken prematurely terminated appellant in violation of the ADA and Ohio law by not engaging in an interactive process or providing a reasonable accommodation. Third, he argues that the individual who made the decision to terminate his employment did not even know appellant's job description. Finally, he argues that there was no showing that his continued leave would have been a hardship for appellee.

{¶ 16} We find appellant's arguments unconvincing and unrelated to the issue. Here, appellant failed to establish the third element of a disability discrimination claim because he provided no evidence that he can safely and substantially perform the essential functions of the job in question. Assuming for purposes of our analysis that a four-week extension of his medical leave is a reasonable accommodation, appellant has

8.

provided no competent evidence that he would be able to do the job after those four weeks. The only evidence in the record supporting appellant's position is an unauthenticated note from his physician's office that he will be able to return by March 7, 2018.[2] However, his return had originally been determined to be January 10, 2018, which then was extended to January 25, 2018, which again was extended until March 7, 2018. Moreover, appellant's own testimony established that he was still unable to return to work even by October 22, 2018. Therefore, we hold that appellant has failed to satisfy the third element of his prima facie claim for disability discrimination, and thus the trial court did not err in awarding summary judgment on this claim to Gerken.

{¶ 17} Accordingly, appellant's first assignment of error is not well-taken.

## B. Retaliation

{¶ 18} In appellant's second assignment of error, he argues that the trial court erroneously granted summary judgment in favor of Gerken on his retaliation claim. Specifically, appellant argues that the trial court erred in determining that a request for a

---

[2] Appellant also points to the errata sheet attached to his deposition, in which he makes unsubstantiated and contradictory hearsay claims that his physician cleared him to work in February 2018. As an example, appellant was asked, "And my understanding is you were not able to return to work as of March 7, 2018, correct?" Appellant answered, "Correct." Subsequently, in his errata sheet, appellant sought to change his answer from "Correct" to "No - [my physician] released me in 2/2018." However, "changes in Errata sheet—which completely change the deposition testimony—cannot be used to defeat a Motion for Summary Judgment." *Christian v. Wal-Mart Stores East, LP*, 5th Dist. Holmes No. 09CA014, 2010-Ohio-3040, ¶ 18, citing *Hambleton Bros. Lumber Co. v. Balkin Ents., Inc.*, 397 F.3d 1217, 1225 (9th Cir.2005).

9.

reasonable accommodation in the form of a short medical leave is not a "protected activity."

{¶ 19} It is an unlawful discriminatory practice "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code." R.C. 4112.02(I). "To establish a retaliation claim, a plaintiff must demonstrate: (1) that [he] engaged in a protected activity; (2) that the defendant knew that [he] had engaged in a protected activity; (3) that the defendant took an adverse employment action against [him]; and (4) that there is a causal link between the protected activity and the adverse employment action." (Citations omitted.) *Coch v. Gem Indus., Inc.*, 6th Dist. Lucas No. L-04-1357, 2005-Ohio-3045, ¶ 27. Once the plaintiff establishes his prima facie case, it is the defendant's burden to articulate a legitimate reason for its action. *Id.* If the defendant meets its burden, the burden shifts back to the plaintiff to show that the articulated reason was a pretext. *Id.*

{¶ 20} Appellant claims that requesting a reasonable accommodation in the form of a medical leave is a protected activity under R.C. 4112.02(I).[3] However, R.C.

---

[3] In support, appellant cites *Johnson v. Cleveland City Sch. Dist.*, 8th Dist. Cuyahoga No. 94214, 2011-Ohio-2778, ¶ 68, in which the Eighth District perfunctorily stated that requesting a reasonable accommodation was a protected activity for purposes of a retaliation claim under R.C. 4112.02(I). We do not find that case persuasive, however,

10.

4112.02(I) states that it is unlawful to discriminate against a person because that person has "opposed any unlawful discriminatory practice," or "made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing." Clearly, appellant's request for an accommodation was not participation in an investigation, proceeding, or hearing. Likewise, appellant's request for an accommodation was not opposition to an unlawful discriminatory practice. Indeed, the act of terminating a person for requesting a reasonable accommodation would be the discriminatory practice itself. Thus we hold that appellant's request for a reasonable accommodation was not a protected activity under R.C. 4112.02(I). *See Rorrer v. Stow*, 743 F.3d 1025, 1046 (6th Cir.2014) (In the context of an ADA retaliation claim, "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination."); *Reed v. PPG Industries Ohio, Inc.*, N.D.Ohio No. 1:18-cv-707, 2018 WL 6078258, *5 (Nov. 21, 2018) ("[T]aking medical leave does not constitute opposition to an unlawful discriminatory practice. Thus, by the text of the statute, Plaintiff's allegations do not state a violation of Section 4112.02(I)."). Therefore, because appellant has failed to satisfy the first element of his retaliation claim under R.C. 4112.02(I), we hold that summary judgment to Gerken is appropriate.

---

because the court offered no analysis explaining why a request for a reasonable accommodation was a protected activity under R.C. 4112.02(I), and because the facts of that case are dramatically different, involving a plaintiff who worked with the defendant on obtaining reasonable accommodations for five years.

11.

{¶ 21} Moreover, even if appellant had established a prima facie claim, he failed to present any evidence that Gerken's legitimate reason—a need to fill a vacant employment position—was false or that discrimination was the real reason for his termination.

{¶ 22} Accordingly, appellant's second assignment of error is not well-taken.

### C. Motion for Leave to Amend the Complaint

{¶ 23} Finally, in appellant's third assignment of error, he argues that the trial court erred in denying him leave to amend his complaint. A trial court's denial of a motion for leave to amend a pleading will not be reversed absent an abuse of discretion. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 24} Pursuant to Civ.R. 15(A), "A party may amend its pleading once as a matter of course within twenty-eight days after serving it * * *. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires."

{¶ 25} Motions to amend should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. *Leo v. Burge Wrecking, LLC*, 2017-Ohio-2690, 89 N.E.3d 1268, ¶10 (6th Dist.). "Factors for the trial court to consider include whether the movant makes a prima facie showing of support for the new matters

12.

sought to be pleaded, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party." *Frankel v. Toledo Pub. Schools*, 6th Dist. Lucas No. L-14-1027, 2015-Ohio-1571, ¶ 16, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). As recognized by appellant, prejudice is the most critical factor to be considered in determining whether to grant leave to amend. *CommuniCare, Inc. v. Wood Cty. Bd. of Commrs.*, 161 Ohio App.3d 84, 89, 2005-Ohio-2348, 829 N.E.2d 706, ¶ 17 (6th Dist.), citing *Frayer Seed, Inc. v. Century 21 Fertilizer & Farm Chem., Inc.*, 51 Ohio App.3d 158, 165, 555 N.E.2d 654 (3d Dist.1988).

{¶ 26} "[W]here a motion for leave to file an amended complaint is not timely tendered and there is no apparent reason to justify the delay, a trial court does not abuse its discretion in denying the amendment." *Leo* at ¶ 10, quoting *Vitek v. Wilcox*, 6th Dist. Williams No. WM89 000004, 1990 WL 174163, *6 (Nov. 9, 1990). In considering the timeliness of a motion, the trial court should look at the prejudice of delay on the non-moving party. *Id.* Filing a motion to amend a complaint in response to a summary judgment motion has been found to "raise the spectre of prejudice * * * a plaintiff should not be allowed to sit by and then bolster up their pleadings in answer to a motion for summary judgment." *Frankel* at ¶ 18, quoting *Pintagro v. Sagamore Hills Twp.*, 9th Dist. Summit No. 25697, 2012-Ohio-2284, ¶ 22.

{¶ 27} In this case, the trial court not only found that appellant's motion for leave to amend raised the "spectre of prejudice" because it was filed in response to Gerken's

13.

motion for summary judgment, but the court also found that granting the motion for leave to amend would result in prejudice to appellee by necessitating additional motions for summary judgment, a continuation of the trial date, and potential additional discovery.

{¶ 28} In conjunction with its finding of prejudice, the trial court additionally found that appellant's motion was untimely. Specifically, the trial court noted that the motion

> was filed more than a year after the original Complaint was filed, more than eight months after discovery was substantially completed, more than a month after the motion for summary judgment deadline, almost seven weeks after Gerken filed its Motion for Summary Judgment, and just two months before the trial date.

The court also noted that appellant did not offer any reason for his delay.

{¶ 29} Upon this record, we cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably when it denied appellant's motion for leave to amend. In arguing against this result, appellant asserts that Gerken would not be prejudiced by the trial court's granting of his motion for leave to amend because the deadline for discovery had not yet passed, and little, if any, additional discovery was required. However, despite the fact that the discovery period remained open, substantially all of the discovery had been completed by the end of October 2018. Thus, appellant knew of the facts giving rise to his amended complaint for more than eight months before filing his motion, and appellant has not offered any explanation for his delay. Moreover, we agree

that the costs of continued litigation, both in terms of time and resources, constitutes prejudice to Gerken where appellant waited to file a motion for leave to amend until after Gerken filed a meritorious motion for summary judgment. Therefore, we hold that the trial court's denial of appellant's motion for leave to amend was not an abuse of discretion.

{¶ 30} Accordingly, appellant's third assignment of error is not well-taken.

## IV. Conclusion

{¶ 31} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          

_____
JUDGE

Arlene Singer, J.          

Gene A. Zmuda, P.J.       
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.