[Cite as *Leo. v. Burge Wrecking, L.L.C.*, 2017-Ohio-2690.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Robert Leo

Court of Appeals No. L-16-1163

  Appellant

Trial Court No. CI0201403103

v.

Burge Wrecking, LLC, et al.

**DECISION AND JUDGMENT**

  Appellee

Decided: May 5, 2017

* * * * *

Michael J. Zychowicz, for appellant.

Michael P. Gilbride, for appellee.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} Appellant, Robert Leo, appeals the judgment of the Lucas County Court of Common Pleas, denying his motion for leave to amend his complaint, and granting summary judgment to appellee, Burge Wrecking, LLC. Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} This tort action commenced on July 9, 2014, upon the refiling of appellant's complaint,[1] in which appellant alleged that he was seriously injured due to negligence on the part of one of appellee's employees, Joe Liske, while working at the former Toledo Edison Acme Plant on November 2, 2010.[2] Following preliminary discovery, appellee filed a "motion for leave to file motion for summary judgment." Leave was eventually granted, and appellee's motion for summary judgment was filed on May 10, 2016. In its motion, appellee argued that it was entitled to summary judgment because Liske was not its employee and thus it could not be held liable for appellant's injuries.

{¶ 3} Without filing a memorandum in opposition to appellee's motion for summary judgment, appellant filed a "motion for leave to substitute a party and file third amended complaint" on June 14, 2016. In the motion, appellant sought to substitute Acme Dismantling, LLC in place of appellee as a defendant under Civ.R. 15. Appellant asserted that Acme Dismantling, LLC was actually the proper defendant in this action because it was discovered that Acme Dismantling, LLC was Liske's employer.

{¶ 4} Ten days later, appellee filed its brief in opposition to appellant's motion for leave. In the brief, appellee contended that appellant became aware of the fact that appellee was not Liske's employer in October 2013, when appellee provided such

---

[1] Appellant's original complaint was filed on February 14, 2012. The complaint was dismissed without prejudice under Civ.R. 41(A) on January 14, 2014.

[2] Two additional defendants were included in appellant's complaint. However, these defendants were previously dismissed from this action and are not parties to this appeal.

2.

information to appellant.  It was after that time that appellant dismissed his original complaint under Civ.R. 41(A), without seeking to amend the complaint to add Acme Dismantling, LLC as a defendant.  Because appellant failed to name Acme Dismantling, LLC as a defendant in his refiled complaint, appellee insisted that amendment of the complaint under Civ.R.15(C) would be futile because the amended complaint would only relate back to the filing of the July 9, 2014 refiled complaint, which was beyond the applicable two-year statute of limitations.

{¶ 5} In his reply to appellee's brief in opposition, appellant argued that the amended complaint would relate back to the original complaint under Civ.R. 15(C) because it arose out of the same conduct, transaction, and occurrence as set forth in the original complaint.  Moreover, appellant noted that Acme Dismantling, LLC would have had notice of the institution of the action when its owner received service of the original complaint.[3]  Therefore, appellant urged that the claims contained in the amended complaint would not be barred by the statute of limitations.

{¶ 6} Upon consideration of the parties' arguments, the trial court issued its decision on the pending motions on June 29, 2016.  In its decision, the trial court found that appellant should not be granted leave to amend his complaint under Civ.R. 15(A) because the motion was the product of undue delay and would be unduly prejudicial to Burge and Acme Dismantling, LLC.  Consequently, the court denied appellant's motion for leave to file his third amended complaint, and granted appellee's motion for summary judgment.  Appellant's timely appeal followed.

---

[3] The owner of appellee, Charles Burge, is also the owner of Acme Dismantling, LLC.

3.

## B. Assignment of Error

{¶ 7} On appeal, appellant assigns the following error for our review:

The trial court abused its discretion in failing to allow Plaintiff to amend his complaint to substitute Acme Dismantling, LLC for Defendant Burge Wrecking, LLC.

## II. Analysis

{¶ 8} In his sole assignment of error, appellant argues that the trial court abused its discretion in denying his request for leave to file a third amended complaint in which he would substitute Acme Dismantling, LLC for Burge Wrecking, LLC.

{¶ 9} A trial court's denial of a motion for leave to amend a pleading will not be reversed absent an abuse of discretion. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} "This court has held that denial of a motion for leave to amend a pleading may be based upon a showing of bad faith, undue delay or undue prejudice to the opposing party." *Sun Fed. Credit Union v. Yeager*, 6th Dist. Fulton No. F-12-015, 2013-Ohio-2810, ¶ 12, citing *Palmer Brothers Concrete, Inc. v. Kuntry Haven Constr., LLC*, 6th Dist. Wood No. WD-11-033, 2012-Ohio-1875. Thus, we have found that "[w]here a motion for leave to file an amended complaint is not timely tendered and there is no apparent reason to justify the delay, a trial court does not abuse its discretion in denying the amendment." *Vitek v. Wilcox*, 6th Dist. Williams No. WM89-000004, 1990 Ohio

4.

App. LEXIS 4897, *21 (Nov. 9, 1990), citing *Meadors v. Zaring Co.*, 38 Ohio App.3d 97, 526 N.E.2d 107 (1st Dist.1987). In considering the timeliness of a motion to amend pleadings under Civ.R. 15, the trial court should consider whether there will be "actual prejudice" to the non-moving party because of delay. *Nationwide Mut. Ins. Co. v. American Elec. Power*, 10th Dist. Franklin No. 08AP-339, 2008-Ohio-5618, ¶ 8, citing *Darby v. A-Best Products Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 20.

{¶ 11} In this case, appellant argues that his motion should have been granted since appellee failed to demonstrate it would be unfairly prejudiced by the amendment to the complaint and the substitution of the Acme Dismantling, LLC for appellee. According to appellant, the arguments advanced by appellee in its opposition to appellant's motion to amend centered on the contention that the amended complaint would not relate back to the date of the original complaint and, thus, the claims contained therein would be time-barred.

{¶ 12} Notably, the trial court did not base its denial of appellant's motion on a finding that the amended complaint would be time-barred. Rather, the court determined that the motion to amend should be denied because the motion was untimely filed and was the result of appellant's undue delay.

{¶ 13} In support of his argument that the trial court improperly denied his motion to amend on timeliness grounds without also finding that appellee would be prejudiced by the amendment, appellant cites to the Seventh District's decision in *Reighard v. Cleveland Elec. Illuminating*, 7th Dist. Mahoning No. 05 MA 120, 2006-Ohio-1283, and

5.

the Eight District's decision in *Ratkowsky v. CSX Transp., Inc.*, 8th Dist. Cuyahoga No. 92061, 2009-Ohio-5690. Upon consideration, we find that the facts of these cases are distinguishable from those in the instant case. In *Reighard*, the last minute motion for leave to amend the complaint was the product of confusion as to the identity of the proper defendant, which was brought about by inconsistent answers to interrogatories and correspondence from an attorney for the improper defendant. *Reighard* at ¶ 61-66. Similarly, in *Ratkowsky*, the court found that leave was warranted under Civ.R. 15 where the improper defendant, FirstEnergy Corporation, misled the plaintiff into thinking it was the proper party when in fact it was simply the holding company of the proper defendant, FirstEnergy Generation Corporation. *Ratkowsky* at ¶ 28-32.

{¶ 14} Here, the record demonstrates that appellee consistently maintained that it was not Liske's employer, and informed appellant of that fact early on in the litigation. The trial court aptly summarized the extent to which appellant was aware of the identity of Liske's employer when it stated that appellant's motion was filed

> almost three years after [appellee's] responses to [appellant's] discovery requests indicated that Acme was responsible for the jobsite and employed the alleged tortfeasor (October 2013), more than two years after [appellant] voluntarily dismissed his original complaint without amending it (January 14, 2014), almost two years after [appellant] refiled his complaint in this action without naming Acme as a party defendant (July 9, 2014), almost a year after Charles Burge's deposition confirmed that Acme employed Joe

6.

Liske and is the proper defendant (August 25, 2015), and more than a month after Burge moved for summary judgment (May 10, 2016).

{¶ 15} On these facts, which are uncontested by appellant, we find that the trial court did not abuse its discretion in concluding that appellant's motion to amend was the product of undue delay without justification. Indeed, it is clear from the record that appellant knew or should have known about the identity of Liske's employer long before he filed his motion to amend. Yet, appellant provided no explanation for his delay in filing the motion. Appellant nonetheless insists that leave should have been granted because appellee would not have been prejudiced by the amendment of the complaint. While we find that prejudice to the nonmoving party was a relevant consideration in this case, we do not find that it is the only consideration, especially in light of the fact that appellant's delay in filing the motion to amend is substantial and unexplained.

{¶ 16} Accordingly, we find appellant's sole assignment of error not well-taken.

### III. Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

L-16-1163
Leo v. Burge Wrecking, LLC, et al.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                          JUDGE

Thomas J. Osowik, J.       

                                           _____
James D. Jensen, P.J.                                               JUDGE
CONCUR.

                                           _____
                                                          JUDGE