[Cite as *Franciscan Communities, Inc. v. Rice*, 2021-Ohio-1729.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA


FRANCISCAN COMMUNITIES, INC., :
ET AL.,

: No. 109889

Plaintiffs-Appellants :

v. :

JASON RICE, ET AL., :

Defendants-Appellees. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 20, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897283

---

### *Appearances:*

Hahn Loeser & Parks L.L.P., Christina T. Hassel, Robert B. Port, and Aaron S. Evenchik, *for appellants.*

Meyers, Roman, Friedberg & Lewis, Anne L. Meyers and Peter Turner, *for appellees* Jason Rice and Aventis Development Co. L.L.C.

Mills, Mills, Fiely & Lucas, L.L.C., Laura L. Mills and Pierce C. Walker, *for appellees* Armatas Construction, Inc. and Dimitreos Armatas.

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiffs-appellants Franciscan Communities, Inc. ("Franciscan I") and Franciscan Communities, Inc. II ("Franciscan II") (collectively, the "Franciscans" or "appellants") appeal from the trial court's decision denying their motion for leave to file a fourth amended complaint to add new parties and to assert veil-piercing allegations against an existing party. For the reasons that follow, we affirm.

**Procedural and Factual Background**

{¶ 2} This case involves claims arising out of two construction projects at Mount Alverna Village, a Catholic senior living community center in Parma — an expansion of the existing Life Enrichment Center and therapy gym and construction of a new Memory Care Building (collectively, the "projects"). Contracts for the projects were awarded to Aventis Development Co. L.L.C. ("Aventis Development"), as the general contractor. In June 2017, Franciscan I entered into a contract with Aventis Development for the Life Enrichment Center project, and Franciscan II entered into a contract with Aventis Development for the Memory Care Building project (the "contracts").

{¶ 3} The Franciscans allege that Aventis Development and Jason Rice ("Rice"), a member of Aventis Development, made material misrepresentations to the Franciscans regarding Aventis Development's financial wherewithal to obtain surety bonds and its ability to manage the projects as the general contractor despite knowing that Aventis Development would be unable or unwilling to perform

according to the terms of the contracts. The Franciscans further allege that Aventis Development, Rice, Armatas Construction, Inc. ("Armatas Construction") and Dimitreos Armatas ("Armatas"), a member of Armatas Construction, were all part of a "fraudulent scheme" to induce the Franciscans to award the contracts for the projects to Aventis Development and that, in conjunction with that scheme, Aventis Development entered into "secret," unauthorized agreements with Armatas Construction pursuant to which Armatas Construction agreed to act as the "true" general contractor on the projects, e.g., entering into contracts with third-tier subcontractors and managing the day-to-day operations of construction and to obtain the surety bonds for the projects.

{¶ 4} The Franciscans also allege that Aventis Development and Armatas Construction created a fraudulent contract between Franciscan II and Armatas Construction, listing Armatas Construction as the "contractor," in order to obtain surety bonds for the projects. The Franciscans claim that they learned of this alleged fraud in November 2017 when the bonding agent sent them a copy of the falsified contract. After discovering the alleged fraud, the Franciscans also allegedly learned that Armatas Construction had been acting as the general contractor on the projects, that the projects were being mismanaged, that there were defects in the work performed and that lower-tier subcontractors were not being paid. The Franciscans issued a notice to Aventis Development instructing it not to order any additional materials or to enter into any additional subcontracts and demanded that Armatas Construction withdraw from the projects.

**{¶ 5}** In February 2018, the Franciscans sent notice to Aventis Development of their intent to terminate the contracts and ultimately terminated the contracts, for cause, in April 2018. Aventis Development, Armatas Construction and lower-tier subcontractors filed mechanic's liens for unpaid work allegedly performed on the projects.

**Original Complaint**

**{¶ 6}** On May 4, 2018, the Franciscans filed their original complaint for damages, declaratory relief and injunctive relief against Aventis Construction Co., L.L.C. ("Aventis Construction"),[1] Rice, Armatas Construction, Armatas and various John Doe defendants.[2] The Franciscans' original complaint included five counts: fraudulent misrepresentation and money had and received against Rice and the Armatas defendants (Counts I and II), slander of title against Rice and Aventis Construction (Count III), slander of title against the Armatas defendants (Count IV) and "punitive damages and attorneys fees" against all defendants (Count V). The Franciscans sought (1) to recover actual damages, punitive damages, interest, costs and attorney fees, (2) restitution of any funds paid by the Franciscans (directly or indirectly) to the defendants, (3) a declaration that the liens that had been placed on the property by the defendants were void and unenforceable and (4) an injunction requiring the defendants to satisfy and secure the release or discharge of all liens

---

[1] As discussed below, the Franciscans later amended their complaint to assert these allegations and claims against Aventis Development rather than Aventis Construction.

[2] Armatas and Armatas Construction are collectively referred to herein as the "Armatas defendants."

and payment demands of Aventis Construction, Armatas Construction and any other lower-tier subcontractor, vendor and laborer of Aventis Construction and/or Armatas Construction.

{¶ 7} The contracts contained an arbitration clause requiring the Franciscans to arbitrate any claims against Aventis Development that arose out of the subject matter of the contracts. The Franciscans initially filed a demand for arbitration with respect to those claims; however, the parties later entered into an agreement to litigate, rather than arbitrate those claims.

**First Amended Complaint**

{¶ 8} On June 28, 2018, the Franciscans filed an amended complaint, adding the contract claims that were previously part of the arbitration, adding Aventis Development as a defendant and making several other changes. The Franciscans' first amended complaint included seven counts: fraudulent misrepresentation against all defendants (Count I), breach of contract against Aventis Development and Aventis Construction (Count II), unjust enrichment against Aventis Development and Aventis Construction (Count III), money had and received against all defendants (Count IV), slander of title against Rice, Aventis Development and Aventis Construction (Count V), slander of title against the Armatas defendants (Count VI) and "punitive damages and attorneys fees" against all defendants (Count VII). Rice and Armatas filed answers. Aventis Development filed an answer and a counterclaim against Franciscan I for breach of contract. Armatas Construction filed an answer, a crossclaim against Aventis Construction for

unjust enrichment, a crossclaim against Aventis Development for breach of contract and unjust enrichment and a counterclaim against Franciscan I for foreclosure of mechanic's lien and unjust enrichment.

**Second Amended Complaint**

{¶ 9} Following a telephone conference on July 24, 2018, the trial court granted the Franciscans leave to amend its complaint a second time to remove Aventis Construction as a defendant. On August 3, 2018, the Franciscans filed their second amended complaint, removing Aventis Construction as a defendant. Rice and Armatas filed answers to the second amended complaint. Aventis Development filed an answer and a counterclaim against Franciscan I for breach of contract. Armatas Construction filed an answer, an amended crossclaim against Aventis Development for breach of contract and unjust enrichment, an amended counterclaim against Franciscan I for foreclosure of mechanic's lien and unjust enrichment and a counterclaim against Franciscan II for foreclosure of mechanic's lien and unjust enrichment. The Franciscans filed answers to the counterclaims filed by Aventis Development and Armatas Construction. Aventis Development filed an answer to the crossclaim filed by Armatas Construction.

**Third Amended Complaint**

{¶ 10} On April 5, 2019, the Franciscans filed a motion for leave to file a third amended complaint to assert additional claims against the defendants. The Franciscans alleged that, following the filing of their second amended complaint, they had "uncovered additional information relevant to [the] case," including that

"the unauthorized subcontracts" between Aventis Development and Armatas Construction "expressly incorporated the prime contracts" between Aventis Development and the Franciscans. They also claimed that they had "received further substantiation" that Aventis Development had "transferred the vast majority of the funds" paid by the Franciscans in connection with the Life Enrichment Center project to Armatas Construction and that they had "learned of additional facts which clarify and support the fraudulent scheme" between Aventis Development and Armatas Construction "to conceal these [d]efendants' unauthorized and undisclosed agreements regarding the management of the [p]rojects and the procurement of the contractually-required bonds."

{¶ 11} Based on this "recently-discovered evidence," the Franciscans sought to amend their complaint a third time to (1) add Armatas Construction as a party to their breach of contract claim against Aventis Development, (2) add the Armatas defendants as parties to their unjust enrichment claim, (3) add a new claim for civil conspiracy against all defendants and (4) make "more minor revisions to the background facts to support these new claims." The Armatas defendants opposed the motion, arguing that Franciscan lacked a factual and evidentiary basis to support additional claims against them and that the proposed amendments to the complaint, which Franciscan sought after allegedly learning that Rice was planning to file bankruptcy and Aventis Development was planning to dismiss its counsel, were nothing more than a "fishing expedition against non-bankruptcy filing defendants."

{¶ 12} The trial court granted the motion, and the Franciscans filed their third amended complaint on April 18, 2019. The Franciscans' third amended complaint included eight counts: fraudulent misrepresentation against all defendants (Count I), breach of contract against Aventis Development and Armatas Construction (Count II), unjust enrichment against Aventis Development, Armatas Construction and Armatas (Count III), money had and received against all defendants (Count IV), slander of title against Rice and Aventis Development (Count V), slander of title against the Armatas defendants (Count VI), civil conspiracy against all defendants (Count VII) and "punitive damages and attorneys fees" against all defendants (Count VIII).

{¶ 13} Once again, Rice and Armatas filed answers to the third amended complaint. Aventis Development filed an answer and a counterclaim against Franciscan I for breach of contract. Armatas Construction filed an answer, a crossclaim against Aventis Development for breach of contract and unjust enrichment and a counterclaim against the Franciscans for foreclosure of mechanic's lien, breach of contract, unjust enrichment and abuse of process.

{¶ 14} The Franciscans filed a partial motion to dismiss Armatas Construction's counterclaim for abuse of process pursuant to Civ.R. 12(B)(6). Armatas Construction opposed the motion. On June 19, 2019, the trial court granted the motion. The Franciscans filed answers to the counterclaims asserted by Armatas Construction and Aventis Development.

{¶ 15} On July 18, 2019, the trial court suspended the litigation schedule so that the parties could mediate the case. The mediation was held in September 2019. The mediation was unsuccessful.

**Motion for Leave to File Fourth Amended Complaint**

{¶ 16} On October 16, 2019, the Franciscans filed a motion for leave to file a fourth amended complaint, seeking to add "veil-piercing claims and allegations" against Aventis Development and "its individual members and managers." The Franciscans sought to amend their complaint for a fourth time to (1) add Spectrum Land Holdings, LLC ("Spectrum"), Stephen Krutowsky and Lisa Kalifon — which it alleged were "individual members and managers" of Aventis Development — as additional defendants, (2) add these defendants to its counts for civil conspiracy and "punitive damages and attorneys fees" and (3) add an additional count titled "piercing the corporate veil — personal liability of defendants" against these new defendants and Rice.

{¶ 17} Aventis Development and Rice filed a motion for extension of time to oppose the motion and requested an immediate hearing on the motion. Proposed new parties Spectrum, Krutowsky and Kalifon filed a motion requesting leave to file a response to the Franciscans' motion.

{¶ 18} On October 28, 2019, the trial court held a hearing on the Franciscans' motion and the related motions filed by Aventis Development, Rice and the new proposed parties. On November 18, 2019, the trial court entered an order that had been submitted "by joint agreement" of the parties. The joint order stated

that the Franciscans' motion for leave to file a fourth amended complaint would be "held in abeyance" "pending the completion of certain depositions." The order further stated, in relevant part:

> 2. No party shall cite any alleged delay and/or prejudice in connection with the period in which the Plaintiffs' Motion for Leave to File Fourth Amended Complaint is held in abeyance as grounds for denying that Motion;
>
> 3. On or before January 31, 2020, any depositions noticed by Plaintiffs with respect to the issues raised in Plaintiffs' Motion for Leave to File Fourth Amended Complaint will be completed; provided, however, that (i) the scope of the aforementioned depositions will be limited to only those matters related or relevant to the Plaintiffs' Motion for Leave to File Fourth Amended Complaint, and (ii) all parties agree that the individuals deposed pursuant to this Order may, after Plaintiffs' Motion for Leave to File Fourth Amended Complaint is decided, be deposed again with respect to the other issues in this litigation, and no party will object to or otherwise seek to limit such additional or supplemental depositions on grounds that the deponent has already been deposed in this case; and
>
> 4. Within seven (7) days after the conclusion of all of the depositions taken pursuant to part 3 above, unless Plaintiffs file a notice of withdrawal of their Motion for Leave to File Fourth Amended Complaint, Plaintiffs shall file a notice informing the Court of the completion of the depositions, at which point the stay relating to Plaintiffs' Motion for Leave to File Fourth Amended Complaint will be lifted. Plaintiffs will thereafter have a fourteen day period in which to file an Amended or Supplemental Motion for Leave to File Fourth Amended Complaint to reflect evidence obtained while the Motion was held in abeyance. Following the conclusion of that fourteen (14) day period, Defendants shall have fourteen (14) days within which to file their briefs in opposition to Plaintiffs' Motion (or Amended or Supplemental Motion) for Leave to File Fourth Amended Complaint.

{¶ 19} On December 2, 2019, the trial court issued orders denying the motions that had been filed by Aventis Development, Rice and the proposed new parties as moot. The trial court further stated that the Franciscans were required

"to seek leave of court before making any post-deposition amendments to its fourth amended complaint" and that "[o]nce the depositions are concluded, and [the Franciscans'] motion is no longer held in abeyance," the court would schedule dates "for all parties to respond to all motions."

{¶ 20} On December 13, 2019, the trial court entered a third order relating to the Franciscans' motion for leave to file a fourth amended complaint. The trial court stated that "[p]ursuant to the 10/28/2019 hearing, the parties' joint order is hereby approved" and re-entered another copy of the joint order the trial court had previously entered on November 18, 2019. Following a January 2, 2020 status conference, the trial court issued a further order that stated that "the dates contemplated by the parties' joint proposed order, as approved by the court in its 12/13/2019 entry, remain."

{¶ 21} On January 27, 2020, the trial court held a hearing, "[a]t the parties' request," regarding "the scope of the court's 12/13/2019 order." At the hearing, the Franciscans withdrew their prior motion for leave to file a fourth amended complaint, and the parties agreed to the following modifications to the trial court's December 13, 2019 order:

> Any motion for leave to file fourth amended complaint shall be filed by 02/10/2020. Plaintiff's prior motion for leave to file fourth amended complaint is withdrawn. Any response — including those of the prospective new parties — to plaintiff's motion for leave to file fourth amended complaint shall be filed by 02/24/2020. Any reply shall be filed by 03/06/2020. The trial and settlement conference dates are cancelled at this time. A scheduling conference will be conducted after the court's ruling on the motion for leave to file fourth amended complaint.

{¶ 22} On February 10, 2020, the Franciscans filed their second motion for leave to file a fourth amended complaint ("motion for leave to amend"). The Franciscans now sought to amend their complaint a fourth time to (1) add Spectrum and Krutowsky as additional defendants,[3] (2) add those defendants to its counts for civil conspiracy and "punitive damages and attorneys fees" and (3) add an additional count titled "piercing the corporate veil — personal liability of defendants" against these new defendants and Rice.[4]

{¶ 23} The Franciscans claimed that leave to file a fourth amended complaint was "merited" because they had only "recently received evidence" "supporting * * * the addition of veil-piercing claims and allegations" against Aventis Development and "certain of its individual members and managers."

{¶ 24} In support of their motion, the Franciscans attached — in addition to their over 250-page proposed fourth amended complaint — over 200 pages of discovery responses, correspondence between the parties relating to discovery issues and select documents the Franciscans claimed that they had "recently" obtained through discovery from Aventis Development that supported their veil-

_____

[3] The Franciscans no longer sought to add Lisa Kalifon as a new defendant.

[4] In each of their prior complaints, the Franciscans averred that Rice was "being sued in his individual capacity, based on his own personal conduct, rather than in his capacity as a member of Aventis [Development]." Likewise, they averred that Armatas was "being sued in his individual capacity, based on his own personal conduct, rather than in his capacity as an officer and/or shareholder of Armatas [Construction]." In their proposed fourth amended complaint, the Franciscans averred that Rice was "being sued in his individual capacity, based on his own personal conduct, as well as in his capacity as a member and manager of Aventis [Development]."

piercing allegations. The Franciscans asserted that although they had "sought this evidence through discovery for over a year," Aventis Development's production was only "allegedly completed" in July 2019, and that they "promptly sought leave to amend [their] pleadings to reflect the current evidence" once the mediation was completed.

{¶ 25} Rice and Aventis Development and the new proposed parties, Spectrum and Krutowsky, filed briefs in opposition to the Franciscans' motion, arguing that the motion was untimely and filed in bad faith, that the Franciscans did not have a justifiable reason for their delay, that the proposed amendments would result in undue prejudice to the opposing parties and that the proposed amendments were futile because the Franciscans had not made a "prima facie showing of the matters they intend to plead."

{¶ 26} On April 28, 2020, the trial court denied the Franciscans' motion for leave to file a fourth amended complaint, reasoning as follows:

> "Although Civ.R. 15(A) expressly provides that leave of court shall be freely given when justice so requires, there is no absolute right to amend a complaint." *Kinchen v. Mays*, 8th Dist. Cuyahoga No. 100672, 2014-Ohio-3325, ¶ 17. "The language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or prejudice to the opposing party." *Hutcheson v. Ohio Auto. Dealers Assn.*, 8th Dist. Cuyahoga No. 97394, 2012-Ohio-3685, ¶ 12.
>
> The court finds that plaintiffs' motion for leave to amend was unduly delayed, and that it would unduly prejudice defendants. Defendants argue that plaintiffs had most of the discovery necessary to precipitate their fourth amended complaint by April 2019, but waited months to file leave to amend. Plaintiffs contend that Rice and Aventis did not produce the documents they needed in a timely fashion. But as

defendants point out, plaintiffs never sought court intervention to obtain these documents. The end result is that this matter has been pending for nearly two years. Amending the complaint at this point amounts to undue delay.

Furthermore, this delay is unduly prejudicial to the existing defendants. To bring new parties in at this juncture would mean new claims (certainly from plaintiffs and possibly from the existing defendants and the proposed parties), another round of motions to dismiss and/or motions for judgment on the pleadings, and resetting the clock on discovery. The court finds that the cost of this reset — in both time and money — after the parties have been actively litigating this matter for years, is unduly prejudicial.

Accordingly, plaintiffs' motion is denied.

{¶ 27} On July 2, 2020, Franciscan filed a motion for a Civ.R. 54(B) certification. The trial court granted the motion and amended its April 28, 2020 order to include a finding that "pursuant to Civ.R. 54(B), there is no just reason for delay with respect to any appeal regarding the claims and parties sought to be added through plaintiffs' proposed fourth amended complaint."

{¶ 28} The Franciscans appealed, raising the following two assignments of error for review:

> Assignment of Error No. 1: The trial court abused its discretion by finding that Plaintiffs-Appellants (the "Franciscans") unduly delayed filing their motion for leave to amend the complaint.

> Assignment of Error No. 2: The trial court abused its discretion by finding that, despite the lack of any undue delay, the Appellees would suffer undue prejudice in the form of increased litigation costs and motion practice if the trial court granted leave for the Franciscans to amend the complaint.

{¶ 29} The Franciscans' assignments of error are interrelated. Accordingly, we address them together.

**Law and Analysis**

{¶ 30} Civ.R. 15(A) governs amendment of pleadings. It states, in relevant part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.[5]

{¶ 31} Although the rule allows for "liberal" amendment of pleadings, there is no "unconditional" or "absolute" right to amend a complaint more than once or after the time period specified in Civ.R. 15(A) has passed. *Parmertor v. Chardon Local Schools*, 2016-Ohio-761, 47 N.E.3d 942, ¶ 35 (11th Dist.); *Kinchen v. Mays*, 8th Dist. Cuyahoga No. 100672, 2014-Ohio-3325, ¶ 17. Motions for leave to amend

---

[5] In their motion for leave to file a fourth amended complaint, the Franciscans sought to amend their complaint both to assert additional allegations against existing defendants and to add new parties as defendants. Civ.R. 21 governs the addition of parties. It states, in relevant part: "Parties may be * * * added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." "Where a motion to add new parties has been made pursuant to Civ.R. 21, the trial court should rule on the motion based on traditional grounds, including timeliness and prejudice to existing parties." *Deutsche Bank Trust Co. Am. v. Rollin*, 9th Dist. Summit No. 22181, 2004-Ohio-7183, ¶ 10, citing *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 16.

Because the Franciscans' motion for leave to file a fourth amended complaint was filed under Civ.R. 15(A), we analyze this case under Civ.R. 15(A). Regardless of whether the Franciscans had proceeded under Civ.R. 15(A) or 21, however, the outcome of this appeal would be the same. Civ.R. 21 requires a plaintiff to obtain leave of court to add new parties and "review of a trial court decision on a motion seeking leave to add new parties, whether filed pursuant to Civ.R. 15 or 21, is subject to an abuse-of-discretion standard of review." *Darby* at ¶ 10, 12.

pleadings pursuant to Civ.R. 15(A) "should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999), citing *Hoover v. Sumlin*, 12 Ohio St.3d 1, 465 N.E.2d 377 (1984), paragraph two of the syllabus; *see also Musil v. Gerken Materials, Inc.*, 6th Dist. Lucas No. L-19-1262, 2020-Ohio-3548, ¶ 25. Amendments must be sought in good faith and not as a mere delaying tactic. *Solowitch v. Bennett*, 8 Ohio App.3d 115, 116-117, 456 N.E.2d 562 (8th Dist. 1982); *see also Karat Gold Imports, Inc. v. United Parcel Serv., Inc.*, 62 Ohio App.3d 604, 613, 577 N.E.2d 115 (8th Dist.1989) ("where a party is not seeking to remedy an apparent oversight or omission in the original complaint, but instead sets forth a new cause of action resulting in prejudice to the defendant, the trial court does not abuse its discretion in overruling a motion for leave to amend").

**Standard of Review**

{¶ 32} We review a trial court's decision to deny a motion for leave to file an amended pleading for an abuse of discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991); *see also Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 80 (8th Dist.). A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). As the Ohio Supreme Court explained in *Huffman*:

> "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing

considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

*Id.* at 87, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984).

{¶ 33} A decision is unreasonable when "no sound reasoning process" supports that decision. *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is not enough," for a finding of abuse of discretion, "that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* An abuse of discretion also occurs when a court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

**The Trial Court's Findings of Undue Delay and Undue Prejudice**

{¶ 34} In this case, the trial court denied the Franciscans leave to file a fourth amended complaint based on its determination that (1) the Franciscans had unduly delayed in filing their motion for leave to file a fourth amended complaint and (2) granting the motion would unduly prejudice the defendants.

{¶ 35} The Franciscans argue that the trial court abused its discretion in denying their motion because: (1) the trial court applied the "incorrect standard" in

finding undue delay; (2) the trial court "violated its own Abeyance Order"[6] by including the period in which the Franciscans' motion for leave to file a fourth amended complaint was held in abeyance "as the basis for the trial court's denial" of the motion; (3) the Franciscans did not unduly delay in filing its motion for leave to file a fourth amended complaint and (4) there was no showing of "unfair prejudice" to the defendants. We disagree. Following a thorough review of the record, we cannot say that the trial court's decision was arbitrary, unreasonable or unconscionable so as to constitute an abuse of discretion.

{¶ 36} Delay, in and of itself, is generally an insufficient reason for a trial court to deny leave to amend a complaint. In deciding whether to grant or deny leave to amend a pleading, the "primary consideration" is whether there will be actual prejudice to an opposing party because of the delay. *Darby v. A-Best Prods. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 20; *see also Frayer Seed, Inc. v. Century 21 Fertilizer & Farm Chems., Inc.*, 51 Ohio App.3d 158, 165, 555 N.E.2d 654 (3d Dist.1988) ("As amendments are to be freely granted so that cases can be decided on their merits, ample reason for refusal to grant a motion to amend should be shown, and actual prejudice to an opposing party is the most important factor to be considered in the granting or withholding of leave to amend. * * * Another factor to be considered by the trial court is the timeliness of the

---

[6] The "Abeyance Order," as defined by the Franciscans, is the trial court's December 13, 2019 order.

proposed amendment. Delay in itself should not operate to preclude an amendment.").

{¶ 37} However, where a motion for leave to file an amended complaint is not timely tendered and there is no apparent reason to justify the delay, a trial court does not abuse its discretion in denying a proposed amendment. *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604, 575 N.E.2d 840 (1991); *Musil*, 2020-Ohio-3548, at ¶ 26; *see also Leo v. Burge Wrecking, L.L.C.*, 2017-Ohio-2690, 89 N.E.3d 1268, ¶ 10, 15 (6th Dist.) ("While we find that prejudice to the nonmoving party was a relevant consideration in this case, we do not find that it is the only consideration, especially in light of the fact that appellant's delay in filing the motion to amend is substantial and unexplained.").

{¶ 38} The Franciscans argue that because the trial court stated in its April 28, 2020 journal entry, that "this matter has been pending for nearly two years" — a fact they do not dispute — the trial court applied the wrong standard in finding undue delay, i.e., finding undue delay because "a certain amount of time had passed" rather than "because of any dilatory conduct of the Franciscans." That is not an accurate reading of the trial court's order.

{¶ 39} In finding undue delay, the trial court noted that (1) although the Franciscans claimed "Rice and Aventis did not produce the documents they needed in a timely fashion," the defendants had argued that the Franciscans "had most of the discovery necessary to precipitate their fourth amended complaint by April 2019, but waited months to file leave to amend" and (2) even if Aventis Development

and Rice had failed to timely produce documents the Franciscans claimed they needed to determine whether a veil-piercing claim was warranted, the Franciscans "never sought court intervention" to obtain these documents. Based on these facts, the trial court concluded, "[t]he end result is that this matter has been pending for nearly two years" and "[a]mending the complaint at this point amounts to undue delay." Thus, the trial court reasonably found undue delay not merely because "a certain amount of time had passed," as the Franciscans contend, but rather, because it found that the Franciscans either (1) had the documents and information necessary to evaluate a possible veil-piercing claim long before they filed their motion for leave to file a fourth amended complaint or (2) would have had such documents and information much sooner if they had acted with reasonable diligence to obtain the documents and information they claimed they needed to file a fourth amended complaint.

{¶ 40} "The failure to timely file a motion to amend based on evidence in the movant's possession constitutes undue delay, and the court has discretion to deny amendment" of a pleading in those circumstances. *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 46 (7th Dist.), citing *Clay v. Shriver Allison Courtley Co.*, 2018-Ohio-3371, 118 N.E.3d 1027, ¶ 116 (7th Dist.). Likewise, "where information relied upon in seeking leave to amend should have been known to a plaintiff earlier, a plaintiff's delay in seeking leave to amend can be considered unjustified," and a trial court can reasonably deny a motion for leave to amend on that basis. *See, e.g., Hanick* at ¶ 46; *see also Leo*, 2017-Ohio-2690, 89 N.E.3d 1268, at ¶ 15 (trial court

did not abuse its discretion in denying appellant's motion for leave to file a third amended complaint where it was "clear from the record" that appellant "knew or should have known" the facts giving rise to the proposed amendment "long before he filed his motion to amend"); *Geo-Pro Servs. v. Solar Testing Labs.*, 145 Ohio App.3d 514, 528-529, 763 N.E.2d 664 (10th Dist.2001) (trial court did not abuse its discretion in denying appellant's motion for leave to amend its third-party complaint to add a new party and new factual allegations where appellant had "knowledge of the information relevant to the amend complaint" for almost a year before seeking leave to amend).

{¶ 41} Further, contrary to the Franciscans' assertions, the trial court never indicated that it would not consider the Franciscans' delay in filing its motion for leave to file a fourth amended complaint in ruling on that motion. The parties' joint proposed order, approved and adopted by the trial court, merely stated that "[n]o party shall cite any alleged delay and/or prejudice in connection with *the period in which the Plaintiffs' Motion for Leave to File Fourth Amended Complaint is held in abeyance* as grounds for denying that Motion." (Emphasis added.) As indicated above, the trial court's determination of undue delay was based on the time period that preceded the filing of the Franciscans' first motion for leave to file a fourth amended complaint.[7]

---

[7] Furthermore, consideration of whether the Franciscans should be granted leave to file a fourth amended complaint was not governed, ultimately, by the trial court's December 13, 2019 order. The Franciscans withdrew their prior motion for leave that was governed by the trial court's December 13, 2019 order and, instead, filed a new motion for

{¶ 42} The Franciscans also argue that there was "no undue delay" in filing their motion for leave to file a fourth amended complaint — and that the trial court abused its discretion in finding otherwise — because (1) "it took the Franciscans over one year to obtain the financial information and organization structure of Aventis through diligently engaging in a good-faith meet-and-confer process to overcome Aventis' unfounded objections" to producing the documents, (2) they sought leave to amend when discovery was ongoing and no depositions had yet occurred and (3) the trial court had suspended the case schedule pending mediation "just a few days before [the] Franciscans obtained the full discovery from Aventis that supported a claim for veil-piercing." The Franciscans assert that they filed their motion for leave "at the first opportunity thereafter," i.e., after the mediation failed and the trial court lifted the suspension of the litigation.

{¶ 43} However, there is information in the record that contradicts (or, at the very least, calls into question) these claims. For example, in support of their assertion that they acted "diligently in pursuing the evidence giving rise to its proposed veil-piercing allegations," the Franciscans pointed to the fact that (1) they served their initial requests for production on Aventis Development and Rice on July 11, 2018, (2) it was not until October 26, 2018 that Aventis Development and Rice provided any responses to those requests and (3) even then, Aventis Development responded to the wrong set of requests for production. However, the

leave to file a fourth amended complaint on February 10, 2020 that was governed by the trial court's January 28, 2020 order. It is the denial of that second motion that is the subject of this appeal.

documents the Franciscans submitted in support of their motion for leave show that it was more than three-and-a-half months after Aventis Development and Rice served their discovery responses — on February 11, 2019 — before the Franciscans raised any issue with the completeness of their discovery responses and that it was not until March 1, 2019 that the Franciscans sent a letter advising Aventis Development that it had responded to the wrong set of discovery requests.

{¶ 44} In addition, although the defendants' alleged fraud in obtaining surety bonds was a central allegation of the case from the time the Franciscans filed their original complaint, they acknowledged that it was not until April 30, 2019 that they subpoenaed any documents from the company that issued the surety bonds to Armatas Construction. No reasonable explanation was provided for this delay. Although in their appellate brief the Franciscans assert that when this company responded to their subpoena — a week later — "this was the first time the Franciscans obtained any financial information," the Franciscans acknowledged in their motion for leave to file a fourth amended complaint (and as set forth in the documentation submitted in support of that motion) that by the end of April 2019, Aventis Development and Rice had produced a number of financial documents, including copies of certain tax returns, and "a substantial number of additional documents." Further, although issues related to potential veil-piercing allegations could have presumably been raised and addressed through a Civ.R. 30(B)(5)

deposition of Aventis Development (or depositions of other relevant fact witnesses), no depositions were conducted until January 2020.[8]

{¶ 45} The record reflects that the trial court has been actively involved in overseeing and managing discovery in this case since it was filed. By the time the Franciscans filed their second motion for leave to file a fourth amended complaint, the trial court had conducted no less than a dozen case management and status conferences and multiple hearings to address discovery and scheduling issues. The record is clear that despite these numerous conferences and hearings with the trial court, the Franciscans never sought court intervention to obtain any information or documents from the defendants.

{¶ 46} The record also reflects that the trial court did not take its decision to deny the Franciscans' motion for leave to file a fourth amended complaint lightly. The trial court had already granted two prior motions the Franciscans had filed for leave to amend their complaint. When the Franciscans filed their first motion for leave to file a fourth amended complaint, the trial court did not deny the motion

---

[8] In their motion for leave to file a fourth amended complaint, the Franciscans assert that Rice's deposition, both as an individual and a Civ.R. 30(B)(5) representative of Aventis Development, was originally scheduled for March 2019 (which was prior to the filing of the Franciscans' motion for leave to file a third amended complaint) but that due to their subsequently filed motion for leave to file a third amended complaint, "the alleged forthcoming bankruptcy of Rice," Aventis Development's "promise to produce missing records" and "a recent supplemental production by the Armatas [d]efendants," the Franciscans proposed, in April 2019, that the litigation deadlines be extended to allow written discovery to be fully completed before conducting any depositions.

outright. Instead, it quickly scheduled a hearing on the motion.[9] It ultimately agreed to hold the motion in abeyance and allowed the Franciscans the opportunity to conduct limited depositions (that they later decided they did not need) before ruling on the motion. After the parties fully briefed the issue, the trial court issued an order explaining its decision, i.e., that amending the complaint for a fourth time "at this juncture" "amounts to undue delay" and would be "unduly prejudicial to the existing defendants."

{¶ 47} By the time the Franciscans filed their second motion for leave to file a fourth amended complaint, the existing defendants had already served three sets of answers, counterclaims and crossclaims. A motion to dismiss had been filed and ruled upon. Significant paper discovery had been exchanged. A court-ordered mediation had taken place (without the participation of the proposed new parties). Discovery deadlines had been reset at least four times and the trial date had been canceled twice. The case had been pending for nearly two years and yet only one — and, as the Franciscans described it, "very truncated" — deposition had taken place. If new parties were added, the case would essentially have to be reset, i.e., new motions to dismiss and/or responsive pleadings would be filed, new crossclaims and counterclaims would need to be asserted and responded to and additional paper discovery would have to be conducted — at significant additional time and expense to all involved.

---

[9] It appears that the trial court held at least two hearings — on October 28, 2019 and January 27, 2020 — and multiple status conferences addressing issues specifically related to the Franciscans' motion for leave to file a fourth amended complaint.

{¶ 48} As stated above, our role in reviewing the trial court's decision is to determine whether the trial court's decision amounts to an abuse of discretion, not whether it was the same decision this court would have made. *Wilmington Steel Prods.*, 60 Ohio St.3d at 122, 573 N.E.2d 622; *Supportive Solutions Training Academy, L.L.C., v. Elec. Classroom of Tomorrow*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2013-Ohio-3910, ¶ 10; *Clay*, 2018-Ohio-3371, 118 N.E.3d 1027, at ¶ 114. Abuse of discretion is "a very high standard." *Supportive Solutions Training Academy* at ¶ 11. In determining whether the trial court abused its discretion, we cannot substitute our judgment for that of the trial court. *Hanick*, 2020-Ohio-5019, at ¶ 30.

{¶ 49} Based on the record before us, the Franciscans have not shown that the trial court acted unreasonably, arbitrarily or unconscionably (1) in determining that the Franciscans unduly delayed in filing their motion for leave to file a fourth amended complaint, (2) in determining that the defendants would be unfairly prejudiced if the Franciscans were granted leave to file a fourth amended complaint at this stage of the litigation or (3) in denying the Franciscans' motion for leave to file a fourth amended complaint based on these findings. *Cf. Hamilton v. Abcon Constr.*, 12th Dist. Warren No. CA97-03-027, 1997 Ohio App. LEXIS 5235, 11 (Nov. 24, 1997) (concluding that trial court could have reasonably determined that plaintiffs would be prejudiced by granting defendants leave to amend to assert counterclaim where counterclaim "would have required additional litigation, which could have delayed the trial" on plaintiffs' claim and noting that "'[w]hile Ohio courts

recognize a policy that cases should be decided on the merits, they also adhere to a policy that disputes be resolved in a timely manner'"), quoting *Fleck v. Lien*, 6th Dist. Lucas No. L-87-391, 1988 Ohio App. LEXIS 3820, 5 (Sept. 23, 1988); *Robertson v. Univ. Hosps. of Cleveland*, 8th Dist. Cuyahoga No. 81150, 2002-Ohio-6508, ¶ 17-22 (trial court did not abuse its discretion in denying plaintiff's motion for leave to amend third amended complaint to add a new claim that could have been presented in prior amendments "where proposed amendment would have necessitated more time to conduct discovery directed toward the newly introduced cause of action, causing an expenditure of time and money that, in major part, would have been unnecessary had these issues been raised earlier"); *Fisk v. Rauser & Assocs. Legal Clinic Co., L.L.C.*, 10th Dist. Franklin No. 10AP-427, 2011-Ohio-5465, ¶ 15-16 (trial court did not abuse its discretion in denying appellants' motion for leave to amend complaint where it found that "nothing new had been revealed in discovery that would have made the claims more cognizable than at the time of the initial filing" and the one-year delay between the filing of the original complaint and the proposed amended complaint "allowed appellants to pursue the legal theory set forth in the original complaint, and yet when confronted with obstacles to that theory * * * reinvent the case on entirely separate alternative legal grounds," resulting in prejudice to the opposing parties and "inefficient use of the judicial system's time and resources").

{¶ 50} We overrule the Franciscans' assignments of error.

{¶ 51} Judgment affirmed.

It is ordered that appellees recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR